BERRY *v.* WINDHAM.

Trust property held by an incorporated trustee is no more liable to double or unequal taxation, than trust property held by a trustee who is not incorporated.

Deposits in savings-banks are held by the bank as trustee for the depositors, and are not taxable twice, once to the bank, and again to the depositors.

The property of a savings-bank is taxable in the state in which the bank is chartered and located, unless, by reason of the locality of the property, it is taxable elsewhere.

APPEAL, from the refusal of the selectmen of Windham to abate a tax assessed in 1879. Facts found by the court.

In April, 1879, the plaintiff was taxed in Windham for $1,000, "money on hand, at interest, or on deposit." This money was deposited in a savings-bank in Lawrence, Mass., in good faith, and not to avoid taxation. The plaintiff had complied with the provisions of Gen. Laws, *c.* 55, and seasonably applied for an abatement, which was refused.

*G. C. & G. K. Bartlett,* for the plaintiff.

*Albert R. Hatch* and *John Hatch,* for the defendants, contended that the constitutional provisions on the subject of taxation applied only to taxes levied under the authority of this state.

STANLEY, J. The plaintiff places his claim for relief on the ground that, if required to pay the tax in question, his property is subjected to double taxation. The foundation upon which all taxation rests is justice and equal rights, and this independent of any constitutional provision on the subject. Money raised by taxation is the contribution of each member of the community for the common benefit; and as all are entitled to share equally in the benefit, so all are bound to contribute equally to secure it. Blackw. T. T. 6; 2 Kent Com. 331. But the doctrine of equality of taxation is not left here. It is enforced by constitutional provisions, as clear, distinct, and thorough as language can well make them. The bill of rights declares that "every member of the community has a right to be protected by it in the enjoyment of his life, liberty, and property. He is therefore bound to contribute his just share in the expense of such protection, and to yield his personal service when necessary, or an equivalent." Bill of Rights, Art. 12. The power of the government to appropriate private property for the common benefit, by the exercise of the power of taxation, is limited only by the condition that each member of the community shall

contribute his just share, not more, nor less, for that purpose. If one man pays more than his share, another must necessarily pay less, and thus all are not equally protected in the enjoyment of their property. The government, in this way, becomes an institution for the protection of a favored class, instead of for the protection of all. In order to insure equal taxation and to prevent any other, the legislature are clothed "with full power and authority to impose and levy proportional and reasonable assessments, rates, and taxes upon all the inhabitants and residents within the state, and upon the estates within the same." The grant of the power to levy proportional and reasonable taxes is, in legal effect, a denial of the power to levy any others, if such power could be conferred. Const., Art. 5; *Opinion of the Justices*, 4 N. H. 567, 568, 569; *Smith* v. *Burley*, 9 N. H. 423, 427; *Smith* v. *Exeter*, 37 N. H. 556; *Savings-Bank* v. *Nashua*, 46 N. H. 389, 398; *Savings-Bank* v. *Portsmouth*, 52 N. H. 17, 26, 29; *Edes* v. *Boardman*, 58 N. H. 580.

A tax of all the property to a corporation and a tax of the shares to the stockholders has been held to be double taxation. *Smith* v. *Burley, supra.* For the same reason, a tax of all the deposits in a savings-bank to the bank, and a tax upon the real estate owned by the bank in the town where the real estate is situated, is double taxation *(Savings-Bank* v. *Portsmouth, supra)*; and a tax upon the deposits, and on the stocks and personal property in which such deposits are invested, is, for a like reason, double taxation. *Savings-Bank* v. *Nashua, supra.* For similar reasons, a tax of all the deposits in a savings-bank to the bank, and a tax to the several depositors of their deposits therein, is double taxation; nor does it make any difference whether the taxation is wholly in this state where the owner resides, or partly in this state and partly in the state where the property is situated. *Smith* v. *Exeter, supra; Kimball* v. *Milford*, 54 N. H. 406. If there were any doubts on this point, they are all removed by Gen. Laws, c. 53, s. 8, wherein it is enacted that none of the provisions of the statutes defining what property is taxable shall be so construed as to subject stocks in corporations to double taxation. This provision is a condensation of the provisions of a statute enacted in 1853 (Laws of 1853, c. 1419, s. 2), which declares that no laws shall be so construed as to cause any property to be twice taxed. It was condensed in the revision of the statutes, but by an elementary rule of interpretation its meaning was not changed by its condensation. The design of this statute was to prevent all misconstruction on this subject, and render it certain that double taxation should not occur. Double taxation, then, being contrary to the doctrine of equal rights upon which all taxation rests, contrary to the declaration of the bill of rights, to the provisions of the constitution and of the statutes, the question is, Where was the plaintiff's deposit legally taxable? A savings-bank stands to its depositors in the relation of trustee and *cestui que trust*, or in the same relation as a bank of discount

to its stockholders. *Simpson* v. *Savings-Bank*, 56 N. H. 466; *Cogswell* v. *Savings-Bank*, 59 N. H. 43; *Hall* v. *Paris*, 59 N. H. 71.

When the plaintiff's money was deposited in the bank at Lawrence, the legal title to it became vested in the bank as trustee for the plaintiff, who was the beneficial owner. Per. Trusts, ss. 304, 321, 326. In such cases the general rule is, that the property is taxable to the holder of the legal title in the jurisdiction of his residence, or where the property is situated, and not to the person having the beneficial interest (Burr. Tax. 223, s. 94); and it is also the general rule, that corporations are legally taxable in the jurisdiction of their creation, and where their business is transacted. *Van Allen* v. *Assessors*, 3 Wall. 573, 583; *Bradley* v. *People*, 4 Wall. 459; *St. Louis* v. *The Ferry Co.*, 11 Wall. 423, 429; *State Tax on Foreign-held Bonds*, 15 Wall. 300, 319; *State Railroad Tax Cases*, 92 U. S. 575, 603; *Hoyt* v. *The Comm'rs of Taxes*, 23 N. Y. 224, 238; Burr. Tax. 48, 54; Hill. Tax. 126. This being so, and the bank having the legal title to the plaintiff's deposit, it was taxable in Massachusetts. This construction of the law is according to the established practice in this state, and it is decisive of this case. When the plaintiff deposited his money in the Lawrence savings-bank, the division of the title thereby into legal and equitable ownership did not multiply its capacity for taxation. The division of the title did not increase the amount of taxable property, nor did it subject the property, the title to which was thus divided, to the liability to be twice taxed. But if the legal and equitable owners are both taxed this result follows, and double taxation becomes an accomplished fact. *Morrison* v. *Manchester*, 58 N. H. 538, 563.

It being settled, by New Hampshire taxation of all deposits in New Hampshire savings-banks, that the plaintiff's deposit in the Lawrence savings-bank is taxable in Massachusetts, its taxation by the defendants was unauthorized and illegal.

*Tax abated.*

BINGHAM, J., did not sit: the others concurred.