SAWYER *v.* NASHUA.

Money invested in the bonds of a railroad corporation incorporated in this state is taxable as money at interest.

APPEAL, from the refusal of the tax assessors of Nashua to abate a tax. Facts agreed. The tax was assessed upon bonds of the par value of $4,500, and appraised at $3,250, issued by the N. & R. R. R. Co., pursuant to the statutes of 1873, c. 139. The money raised from the bonds was used in the construction of the road, and is a part of the capital so used. The road was commenced in 1872, and opened to the public in 1874. The plaintiff complied with all the statute requirements, but the assessors refused to abate the tax.

*A. W. Sawyer*, for the plaintiff, contended that the bonds were not taxable,—(1) because they are not expressly enumerated with other descriptions of bonds subjected to taxation by Gen. Laws, c. 53, s. 6; (2) that, being a part of the capital of the railroad, they are exempt under the provisions of Gen. Laws, c. 62, s. 1; (3) that, if the capital of the road were taxable, as it will be at the expiration of ten years from the time its construction was commenced, the taxing of the bonds would be double taxation.

*E. E. Parker*, for the defendants.

SMITH, J. " Railroads and the stock therein shall be taxed only in the mode specially prescribed therefor, except for real estate as provided in section 5 of this chapter." G. L., c. 53, s. 9. Section 5 provides for taxing as real estate " the real estate of railroads, not used for the ordinary and usual purposes in operating the roads, and all real estate so used for which no part of the capital was expended, so that the same may be included in the special assessment provided by law in the case of railroads." The mode specially provided for the assessment of railroads is found in Gen. Laws, c. 62, s. 1, which provides that every railroad corporation shall pay to the state an annual tax upon the actual value of the road, rolling-stock, and equipments, but exempts from taxation the capital of every railroad for the term of ten years from the time the construction of its road was commenced. By " capital," as here used, was evidently intended money used in the construction and equipment of the road, whether obtained from the issuing of stock or by loan. Such has been the uniform construction of the statute. To limit the exemption to so much only of the road as was constructed and equipped from money obtained from subscriptions to its capital stock would occasion great if not insuperable difficulties, in determining what portions were so constructed, and unjust discriminations in the distribution of the tax upon those portions of the road constructed from money obtained from loans among the several towns through which the road is built. G. L., c. 62, s. 7. The construction contended for would defeat or hinder the object of the legislature, which was the encouragement of the building of railroads by exempting the whole value of the road and its equipments from the burden of taxation during the earlier years of its existence, and until its business has become more fully developed and secured. For this purpose we cannot see that it makes any difference whether the money used in the construction and equipment of the road is obtained from subscriptions to its stock or from loans upon its credit. It is none the less capital employed in its construction.

Stock in railroad corporations is not taxable. G. L., c. 53, ss. 6, 9. The legislature having undertaken to tax railroad corporations for the full value of their roads, rolling-stock, and equipments, has not subjected the stock to taxation. It has expressly declared that no statute provisions shall be construed so as to subject any stock to double taxation (c. 53, s. 8); for double taxation is unconstitutional. *Smith* v. *Burley*, 9 N. H. 427; *Savings-Bank* v. *Nashua*, 46 N. H. 398; *Smith* v. *Exeter*, 37 N. H. 556, 558; *Berry* v. *Windham*, 59 N. H. 288.

Bonds issued for money used in the construction of a railroad are not stock, in the common acceptation of the term. They do not constitute any part of the capital stock of the corporation, within the intent of the legislature. The amount of the capital stock of every dividend-paying corporation must be fixed and limited at its

first meeting, and the number and amount of the shares. G. L., c. 148, s. 5. The capital stock may be increased or diminished, and the number of shares (s. 6). A record is to be kept of the name and residence of each stockholder (s. 10). Certificates of ownership are issued (s. 9) transferable by assignment (s. 10). An account is to be kept of certificates issued, and of each transfer (s. 14). A stockholder may give one vote for each share he owns (s. 18). Stockholders are individually liable for the debts of the corporation under certain circumstances (c. 149, s. 1) ; and may vote assessments to satisfy debts of the corporation (c. 150, s. 3).

None of these provisions are applicable to bondholders : they relate exclusively to stockholders. No bondholder can vote in the meetings of the corporation, or is liable for the debts of the corporation. No record is required of the holders of the bonds, or of their transfer. The bonds are often payable to bearer, or, if payable to order, are negotiable by endorsement, and pass by delivery. Chapter 39, section 2, Statutes of 1873, authorizing the issue of these bonds, provides that the bonds may be converted into shares of the capital stock of the corporation, at the par value of $100 each, at the option of the holder at any time after the completion of the road.

Money invested in a railroad bond is " money at interest," and consequently taxable (G. L., c. 53, s. 6, ¶ 5), unless such construction of the statute is open to the objection that it subjects the property represented by the bond to double taxation. It would not be doubly taxed during the ten years the corporation is exempted from taxation, nor after the exemption has expired; for it is not the same property that is taxed. The road, constructed with money hired of the plaintiff and others, is property taxable after the exemption period shall expire. The bonds owned by the plaintiff are evidence of a debt, and that debt is the plaintiff's property. He is not taxed for the corporation's road, nor is the corporation taxed for his bonds. *Morrison* v. *Manchester*, 58 N. H. 538, 551, 552; *Railroad* v. *Prescott*, 47 N. H. 62, 67, 69. He is a creditor and not a stockholder. *Hall* v. *Commissioners*, 10 Allen 100, cited by the plaintiff, is not in point, for the Massachusetts statute upon which the decision was based differs materially from our statute. It was there held that bonds issued under legislative authority by a state or city for aiding in the construction of railroads are public stocks, and taxable as such under the statutes of Massachusetts, but were not included in the term " money at interest more than the owner pays interest for," because specifically enumerated in the statute as being taxable in addition to money at interest.

*Appeal dismissed.*

FOSTER, J., did not sit: the others concurred.