DAVID WORTH v. COMMISSIONERS OF ASHE COUNTY.

*Taxation—Stock of Foreign Corporations.*

Shares of stock in foreign corporations are personal property. They follow the person of the owner, and when he lives in this state, they may here be taxed.

APPLICATION for Injunction heard at Fall Term, 1879, of ASHE Superior Court, before *Schenck, J.*

The plaintiff is a citizen of Ashe county and owns three hundred and sixty-four shares of stock in the bank of Abing-

don chartered and doing business in the state of Virginia. The stock in the bank is taxed by the laws of Virginia, and the defendant commissioners have listed the same for county and state taxes and placed the list in the hands of the sheriff of the county for collection. The plaintiff asks that defendants and their agents be restrained from collecting the said tax, and for judgment that the assessment be declared invalid and without authority of law. The defendants demurred to the complaint, in that, the matter therein set forth is not sufficient in law to enable the plaintiff to maintain his action. The court overruled the demurrer, and granted the injunction, from which the defendants appealed.

*Messrs. Mason & Devereux* and *G. V. Strong,* for plaintiff.
*Attorney General,* for state and county.

SMITH, J. C. This case differs from *Belo* v. *Com'rs, ante* 415, in a single feature. The plaintiff Belo residing in Forsyth county, held stock in the North Carolina railroad company, a domestic corporation, and claimed relief on the ground that the company itself returned and paid taxes upon all its taxable estate, and hence the tax on his shares was cumulative upon the same property and not uniform. The plaintiff, in the present case, holds three hundred and sixty-four shares of capital stock in the bank of Abingdon, a foreign corporation, existing under the laws of, and doing business in, the state of Virginia, and insists upon their exemption for the reason that all the corporate property is outside the limits of the state, and his stock is not subject to its taxing power. The principle involved in both cases is substantially the same, and is so fully examined in the other case as to require little to be added to what is there said.

In *Whitehall* v. *County of Northampton,* 49 Penn. St. Rep.,

519, the question came up for consideration and the supreme court declared: "The defendant being a citizen of this state, it is clear that he is subject personally to its power to tax, and that all his property accompanying his person, or falling legitimately within the territorial jurisdiction of the state, is equally within its authority. The interest which an owner of shares has in the stock of a corporation is personal. Whithersoever he goes it accompanies him."

The correlative proposition, the right of a state to tax the shares of non-residents in a domestic corporation, may admit of question; and in an able opinion of Judge REDFIELD's referred to in the other case, he held that such tax could not be levied, and in this case he is sustained by the decision in *Oliver* v. *Mills*, 11 Allen (Mass.), 268. The act of congress however confers upon the states wherein national banks may be organized, the authority to tax the shares of non-resident as well as of resident stockholders, under certain restraints, and to collect the same through the corporation.

That the general assembly has included among the subjects of an *ad valorem* taxation, stocks held by its citizens in foreign corporations, is apparent from the several provisions of the revenue act and that for the collection of revenue. Acts 1879, ch. 70, and 71. Taxes are levied "upon the true value of all moneys, credits, investments in bonds, *stocks*, joint stock companies or otherwise. Ch. 70, class 1, § 1.

Every person is required to list his "real and personal property, moneys, credits, investments in bonds, *stocks*, joint stock companies," &c., in his possession or under his control, on June the first, preceding. Ch. 71, § 4. The list must contain "any certificate of deposit in any bank, whether in or out of the state, *certificate of stock in any corporation or trust-company* whether in or out of the state." *Id.*, § 9, (5).

It is unnecessary to make further extracts to indicate the

purpose of the legislature to include such property, as the plaintiff owns, among the subjects out of which its revenues are to be raised, as these are quite sufficient.

It must therefore be declared there is error in the ruling of the court and the judgment must be reversed, and judgment entered here sustaining the demurrer of the defendants and dismissing the action, and it is so ordered.

Error.                                                    Reversed.