ROBINSON *v.* DOVER.

*Berry* v. *Windham (ante, p.* 288) affirmed.

APPEAL, by a resident of Dover, from the refusal of the tax

assessors of Dover to abate a tax assessed by them upon his deposit in a Massachusetts savings-bank.

*Hall*, for the plaintiff.

*T. J. Smith*, for the defendants.

The language of the third clause, s. 6, c. 53 of the Gen. Laws, providing for personal estate liable to taxation, reads as follows: "Stock in corporations located out of the state, owned by persons living in the state, which is not assessed and taxed to the individuals owning the same by the towns where such corporations are located." And the fifth clause, as follows: "Money on hand or at interest, more than the owner pays interest for, including money deposited in any bank, other than a savings-bank within this state," &c. These provisions should be construed together. It is clear that the legislature intended thereby that money deposited in foreign saving-banks should be taxed here, notwithstanding the stock, if that is a proper term, of that corporation was taxed in a foreign state. While we admit that for certain purposes the depositors in savings-banks may be treated as stockholders, that is, as owners of the property of the bank, we say that for purposes of taxation the legislature did not intend to include deposits in savings-banks in the term "stock in corporations," but did intend to tax such deposits in foreign banks, to the owner thereof, in this state where he resides, even though they have "paid the full tax required by the laws of Massachusetts to be paid on deposits in savings-banks in that commonwealth," and that such a tax is not illegal because it is or may be double.

The power of taxation is necessarily limited to subjects within the jurisdiction of the state, and those subjects are persons, property, and business, and there are no others; and property is to be taxed in the jurisdiction of the owner if personal, or where situated if real. *Nashua Savings Bank* v. *Nashua*, 46 N. H. 389; *Great Barrington* v. *County Com.*, 16 Pick. 572; *Blood* v. *Sayre*, 17 Vt. 609. But it is also competent for any state to provide that tangible personal property situate within it may be taxed there irrespective of the residence of the owner, and because it has come to be a permanency or fixture elsewhere than at the residence of its owner. *Blackstone Manf. Co.* v. *Blackstone*, 13 Gray 488; *People* v. *Ogdensburgh*, 48 N. Y. 390. So corporations may be taxed like natural persons on their property and business. Yet their case, as respects taxation, is somewhat peculiar, and taxes are imposed upon them in various ways, as by specific tax upon their franchise, or on their property by valuation, or on their capital stock. And they may be taxed on their franchise, and also taxed as persons, where their business is carried on, on their capital stock or their property. *People* v. *Utica Ins. Co.*, 15 Johns. 358. And the

shares of stock in a foreign corporation may be taxed in full to resident owners, irrespective of the taxation of their property where it is located. *Dwight* v. *Boston*, 12 Allen 316; *Van Allen* v. *Assessors*, 3 Wall. 573, 584; *Farrington* v. *Tennessee*, 95 U. S. 679, 687; *Dewing* v. *Perdicaries*, 96 U. S. 193, 196. And it is held that a tax on the franchise of a corporation, and also on their capital or property, is not duplicate taxation. The franchise has in fact a property value, and may be taxed, even if the capital is invested in non-taxable securities. *Tremont Bank* v. *Boston*, 1 Cush. 142; *Monroe Savings Bank* v. *Rochester*, 37 N. Y. 365; *Com.* v. *Gas-Light Co.*, 12 Allen 75. And it is also held that a tax on the deposits of savings-banks is a tax on the franchise and not a tax on the property of the bank *( Com.* v. *Savings Bank*, 5 Allen 428; *Oliver* v. *Washington Mills*, 11 Allen 268), while the money of a depositor may be taxed to him, and the deposits of the bank including this may also be taxed to the bank. *Yuba Co.* v. *Adams*, 7 Cal. 35.

Duplicate taxation of personal property is frequently imposed, that is, it may be subjected to a levy for the support of government for a current year, and also, by a change of location, be subject to a second levy. So, where a system of indirect taxation is combined with taxation by valuation, this will occur; and in cases where the stockholders of a corporation are taxed, and also the corporation itself, a like result will be discovered. And yet such taxation is not illegal by reason of being duplicate. Indeed, any system of taxation, especially if it embraces anything else than property upon valuation, will almost certainly and from necessity produce unequal results. True equality is to be sought in legislation, but impossibilities are not demanded. Tax legislation must be practical, and the power to tax twice is as ample as to tax once; and if, in any case, it were admitted that the tax reaches the same property twice for the same purpose, the illegality of the tax is not thereby established. *Finley* v. *Philadelphia*, 32 Pa. St. 381; *West Chester Gas Co.* v. *Chester Co.*, 30 Pa. St. 232; *The Toll Bridge Co.* v. *Osborn*, 35 Conn. 7; *Augusta Bank* v. *Augusta*, 36 Me. 255.

The duplicate taxation which is illegal is where the same person on the same subject of taxation is called upon by the same authority, that is, in the same state, to directly contribute twice to the same burden. But this is an entirely different thing from one tax on the business of a person or corporation where it is carried on, and another on the property to its owner, where it in fact is situated, although these might indirectly reach the same interests. The test is to be found in the answer to the question, What is the legislative intent?—and where the meaning of the statute is clear, the court will not pronounce it invalid because it indirectly results in duplicate taxation.

It is true, the federal constitution provides that the citizens of each state shall be entitled to all the privileges and immunities of

citizens of the several states, but it is no violation of the privileges and immunities of citizens of other states to require a corporation of which they are stockholders to submit to such taxation as the state shall see fit to impose, as a condition of doing business therein. *Catlin* v. *Hull*, 21 Vt. 152; *Hartland* v. *Church*, 47 Me. 169; *Hood's Estate*, 21 Pa. St. 106; *Tatem* v. *Wright*, 3 Zab. (N. J.) 429; *People* v. *Ins. Co.*, 29 Cal. 533.

Now there can be no question but that Massachusetts may tax the deposits of non-residents in savings-banks in that state, nor would the tax be illegal if in any one bank all the depositors were residents of New Hampshire. But in such a case can it be said that the tax would be a tax upon property? Tax upon property must be proportional, while the tax supposed is imposed without any reference to the amount required to be raised, without any regard to the real value of the deposits, or any connection with the whole amount of property liable to be assessed in the commonwealth. How, then, can it be held to be a tax upon property? while, as a tax upon the franchise, there can be no question of its legality. And if the legislature had provided for such a tax, and also for a tax upon the property of the bank by valuation, the same interests would indeed have been compelled to incur the burdens of duplicate taxation, but neither would have been illegal, for the reason that one would have been a tax upon the business, and the other upon the property, of the bank. Nor can it be said to be double when one of these taxes is assessed in one state and the other in some other state. Indeed, justice demands that for the protection of the government all parties who receive its benefits should be called upon to bear its burdens, and government extends its protection as well to the business of non-residents, there carried on, as to the property and persons of residents.

BINGHAM, J. The despotic power of making an unequal division of public expense was upheld in *The Salem Iron Factory Company* v. *Danvers*, 10 Mass. 514. By statutory construction, authorizing double taxation, the plaintiff's real estate was held to be taxable once to the corporation as real estate, and once to the stockholders as corporate shares. By the New Hampshire act of Jan. 4, 1833, stock in any corporation, and real estate, including factory buildings and machinery, were put in the list of taxable property; and in *Smith* v. *Burley*, 9 N. H. 423, the Massachusetts decision was cited to sustain the taxation of a Peterborough factory once to the corporation as real estate in Peterborough, and once to the stockholders as corporate shares in the towns of their residence. There was no statute expressly forbidding double taxation. But the court said it could not for a moment be supposed that the legislature intended "a double taxation of the property, once to the corporation itself, and again to the corporators, which would be unjust, oppressive, and unconstitutional;" and that there was no

doubt the clause "all other stock in any corporation" was intended "to include stocks in companies, if any, for taxing which no other provision had been made." There have been, and still are, various clauses of the statutes, which, if understood literally, would require an unequal division of public expense by what is called double taxation. But whatever their literal signification, they have been understood to require an equal division because an unequal division is not taxation. In *Smith* v. *Burley*, forty-two years ago, the defendants unsuccessfully contended for an exception that would take corporate property out of the otherwise universal rule.

The doctrine of inequality in the division of public expense has gained ground in other jurisdictions, but not in New Hampshire. The legislature, apparently fearing the doctrine might be introduced here by judicial construction against the legislative will, expressly declared, in 1853, that the laws of this state shall not be so construed as to cause any corporate stocks or other property to be twice taxed. The court had shown no tendency towards the construction thus prohibited. On the contrary, they had said it would be unjust, oppressive, and unconstitutional, and they could not for a moment suppose it was intended by the legislature. But overruled decisions were not unknown; the court might change their opinion: and the legislature undertook to render all misconstruction on this subject impossible. The Massachusetts precedent, rejected in *Smith* v. *Burley*, could not be followed in any other case after it was enacted that the laws of this state shall not be so construed as to cause any corporate stocks or other property to be twice taxed. The fundamental principle, that taxation is an equal division of the public expense,—a collection from every member of the community of his share of that expense,—was protected by every possible guaranty of the state. The court could do no more than they did in *Smith* v. *Burley* to give that principle the security of judicial authority; and the legislature could do no more to prevent that security being withdrawn by a change of judicial opinion.

The laws shall not be so construed as to cause any property to be twice taxed. This declaration of legislative intention is conclusive; it controls all laws to which it is applicable; and it is applicable to all tax laws. Its meaning was not changed by its condensation in the revision of the statutes. It unmistakably shows that any statutory construction making any property liable to double taxation is erroneous. It shows that many clauses of the statutes, which, taken separately and literally, would make some property taxable twice or thrice, are not to be taken separately and literally, but are to be understood as subjecting the property they describe to single taxation only, and as designed, by their varied and comprehensive descriptions, to prevent property escaping single taxation. To say that property is taxable to each of two persons, corporate or incorporate, or in each of two states, is

to say, in contradiction and defiance of this general statute of construction, that the law shall be so construed as to cause property to be twice taxed. The only question left open by this statute in this case is, In what state are savings-bank deposits taxable? The plaintiff's deposit in a savings-bank in Massachusetts is taxable either in Massachusetts or in New Hampshire. It is not taxable in both states.

The question is, not whether the plaintiff's deposit is taxed in Massachusetts, but whether it is taxable in Massachusetts or in New Hampshire. If it were taxable here, the tax could not be abated on the ground that the property was wrongfully taxed in Massachusetts. If the plaintiff owned New Hampshire land, its New Hampshire tax would not be abated by a taxation of it in Massachusetts. And if he owned Massachusetts land, the fact that it was not taxed in Massachusetts would be no cause for taxing it here.

If the plaintiff should transfer his deposit from the Massachusetts to a New Hampshire savings-bank, it would not be taxable twice, once to the bank, and again to him. The title of his money was divided, not multiplied, by depositing it in a savings-bank. One of its parts is called the legal, and the other the equitable, title. The legal passed to the bank as trustee: the equitable remained in the depositor as *cestui que trust.* When the money was deposited, the legal title held by the trustee, and the equitable title held by the plaintiff, were no more than they were before, when he held them both undivided. The parts are not greater than the whole, whether the trustee is incorporated or unincorporated. *Morrison* v. *Manchester,* 58 N. H. 538, 563. And the parts are not greater than the whole, whether the beneficiary and the trustee are, or are not, separated by a state line. The separation of the parts of the title by the state line raises the question, In which state is the property taxable?

This question cannot be avoided by any correct view of the case, since every such view is necessarily based upon the maxim of equal rights, that taxation is an equal division of public expense. A man's tax is his share of expense incurred by him and the other members of the community for a public purpose, and his and their common benefit. And as, upon this maxim, no government can honestly compel him to pay more than his share, either by holding his property taxable twice in one state, or by holding it taxable once in each of two or more states, it is necessary in this case to ascertain in which state the plaintiff's deposit is taxable. And this is not an open question. A fund held in trust by a Massachusetts savings-bank, or other corporation, is taxable in Massachusetts, as a fund held in trust by a New Hampshire savings-bank, or other corporation, is taxable in New Hampshire. *Society* v. *Coite,* 6 Wall. 594, 609, and authorities cited in *Berry* v. *Windham, ante* 288, 290. And as the amount of foreign capital invested in

New Hampshire corporations far exceeds the amount of New Hampshire investments in foreign corporations, 'the rule is very advantageous to this state. The deposits of New Hampshire savings-banks have always been regarded as taxable here, whether the depositors resided in this state or elsewhere. This settled rule of this and all other jurisdictions is decisive of this case. If the plaintiff should transfer his residence to Massachusetts, and his deposit to a New Hampshire savings-bank, the deposit would be taxable here. Therefore, by the principle of our own law, the deposit is now taxable in Massachusetts.

By the rule of inequality, Massachusetts can compel her citizens to pay a Massachusetts tax upon all New Hampshire land owned by them, as well as a double tax upon their Massachusetts land, because, by that rule, taxation is, not an equal division of public expense, but such an arbitrary exaction as pleases a lawless government. Under that rule, the question, in what state property is taxable, is immaterial; for the citizen has no right of property against a government vested with a discriminating and unlimited power of confiscation, exercised by a process erroneously called taxation.

The doctrine of inequality, so prevalent and oppressive in other ages and countries, is defended on various grounds. It is said that a double taxation of corporate property is justified, in some incomprehensible manner, by the franchise. A corporate franchise is property of a certain kind ; and if it is worth anything, it is taxable, like other property, at its full value. *Bartlett* v. *Carter*, *ante* 105, 106. It is a part of the corporate property; and the taxation of all the corporate property at its value, either to the corporation or the stockholders, includes a taxation of the franchise.

It is said the property of a corporation, real or personal, is taxable to its owner, the corporation, and its stock is personal property, taxable to its owners, the stockholders. This argument makes the parts of a thing twice as much as the whole of it. The shares of the stockholders are their shares of the equitable title of the property, the legal title of which is in the corporation. The property is not doubled by merely separating its equitable from its legal title. A tax paid by the corporation is paid out of the estate of the stockholders by their corporate agent and trustee. By making the corporate investment, they do not double their share of the public expense unless the value of the invested property is doubled. If the investment is doubled in value, it bears its share of the public expense when it is taxed at its value to the corporation as corporate property. If it is again taxed at its value to the stockholders as their shares of the corporate property, it bears twice its share of the public expense.

It is said that one tax may be laid upon property, and another tax upon its income. *Belo* v. *Commissioners*, 82 N. C. 415; *Worth* v. *Commissioners*, 82 N. C. 420. An equal division of the public

expense may be made by a property tax and an income tax. The modes of division may be numerous and various. If the result is an equal division, it is taxation. But an equal tax of all property, accompanied by a so-called tax laid upon the income of farms and not upon the income of any other property, would not be accepted by the community as an equal or honest division of their common burden.

It is said that the relation of trustee and beneficiary is analogous to that of debtor and creditor. *Belo* v. *Commissioners*, *supra*. This view makes it immaterial whether the trustee is incorporated or not. In either case, all taxes of the trust property, whether paid by the trustee or the beneficiary, or by both, are, in practical effect, paid out of the estate of the person or persons having the exclusive beneficial interest. A tax paid out of the trust fund by the trustee, is paid by the trustee as agent of the beneficiary. And the result is the same, and the inequality in the division of public expense is the same, whether one tax of the trust fund is assessed to the trustee and another to the beneficiary, or whether the fund is taxed twice to the trustee, or twice to the beneficiary.

If a savings-bank deposit were taxable to the bank as holder of the legal title without any beneficial interest, and also to the depositor as holder of the equitable title and the entire beneficial interest producing an income, all property held by guardians, executors, administrators, or other incorporated or unincorporated trustees, would in like manner be twice taxable. And if, on account of the separation of the legal from the equitable title, or on account of the analogy of debtor and creditor, an additional tax were put upon property whenever it was put in trust, it would follow that when a guardian or other trustee, incorporated or unincorporated, deposits a trust fund in a savings-bank, it is taxable once to the bank, a second time to the fiduciary depositor, and a third time to the only person who derives any income from it, or has any beneficial interest in it.

When a testator, having a son capable and a daughter incapable of managing property, leaves half of his estate to the son and the other half in trust for the daughter, the tax of the whole estate is not thereby increased one half. The mere trust does not make the daughter's share of the public expense twice as much as her brother's; and the double taxation of her property would be the imposition of a penalty for a misfortune. If she lived in this state, and her trustee, living in Maine, deposited the trust fund in a Massachusetts savings-bank, it would not be taxable in each of the three states. A just government would inquire, In which state is the fund taxable? It would not inquire by what false analogy of debtor and creditor, or by what verbal quibble disregarding the substance of things, and rejecting the legal sense and the common-sense of the case, the beneficiary could be despoiled by an unequal

and dishonest division of public expense, taxing her brother's property once, and taxing hers more than once. The legality of such a wrong can be maintained only by a failure to understand what taxation is, and by understanding that, instead of being an equal division among the members of the community of an expense incurred by them for their common benefit, taxation is a seizure of such property of his subjects as an absolute ruler capriciously chooses to appropriate to his own use.

A system of substantially unequal taxation, like any other system of injustice and oppression, is calculated to encourage the emigration of persons and their property, and to discourage their immigration: and every state is entitled to such prosperity as naturally arises from its just methods of administration. This state has not adopted the policy of repulsion and expulsion, but has adopted the contrary policy of inviting people to remain in, and to come into, a territory where the principle prevails that every one is bound to bear his share, and no more than his share, of the common burden. Upon this principle, property is not taxable twice in one state, nor once in each of two states.

*Tax abated.*

CLARK, J., did not sit : the others concurred.