. CHESHIRE COUNTY TELEPHONE CO. *v.* THE STATE.

A tax cannot lawfully be assessed against the property of a corporation when the stock of the corporation is at the same time taxed to its owners.

PETITION, for the abatement of a tax assessed by the state board of equalization, under the act of September 15, 1883.

*Batchelder & Faulkner*, for the plaintiffs.

*The Attorney-General*, for the state.

CARPENTER, J.   In April, 1883, the plaintiffs' capital stock was lawfully taxed to the owners for the year beginning April 1, 1883, and ending March 31, 1884 (G. L., *c*. 57, *s*. 1), under the provisions of Gen. Laws, *c*. 53, *s*. 5, and *c*. 54, *s*. 5, which require stock in all corporations within the state, except manufacturing and railroad corporations, to be taxed to the owners thereof in the towns where they reside, if in this state, otherwise to each corporation in the town where it has its principal office or place of business. The taxes assessed were paid prior to September 15, 1883. Another tax for the same purposes and for the same period could not be imposed upon the plaintiffs' capital stock or property. Taxation of the capital stock of corporations and also of the property which it represents, is double taxation. *Smith* v. *Burley*, 9 N. H. 427; *Bank* v. *Nashua*, 46 N. H. 398; *Kimball* v. *Milford*, 54 N. H. 406; *Morrison* v. *Manchester*, 58 N. H. 563; *Robinson* v. *Dover*, 59 N. H. 521; *State* v. *Express Co.*, 60 N. H. 219.

The act of Sept. 15, 1883 (Laws 1883, *c*. 110), provides that "Every telephone corporation, company, or person doing business within this state, shall pay an annual tax, as near as may be in proportion to the taxation of other property throughout the state, on the value of any telephone line or lines owned or worked by such corporation, company, or person within this state, including all poles, wires, insulators, transmitters, telephones, batteries, instruments, telephonic apparatus, office furniture, and fixtures;" requires the state board of equalization to appraise the property at its actual value, to assess such corporation, company, or person, at the average rate of taxation of other property throughout the state, and to make and certify the assessment to the state treasurer by September 30; and that the tax shall be paid on or before October 30. The act took effect upon its passage.

The legislature did not intend that both the stock and the property represented by it should be taxed. The statute must be construed with reference to the state of the law at the time of its passage. *State* v. *Arlin*, 27 N. H. 129. Ever since 1842 selectmen have been required to deduct from the value of stock, as appraised for taxation, a just proportion of the value of any estate of the corporation otherwise legally taxed, upon satisfactory evidence thereof under oath. R. S., *c*. 42, *s*. 1; Gen. St., *c*. 52, *s*. 1; G. L., *c*. 56, *s*. 1. A purpose of the legislature to change a policy so obviously just, and maintained for so many years, cannot be presumed. By the strict letter of the law, stock in telegraph companies is taxable under Gen. Laws, *c*. 53, *s*. 5, and also their property under Gen. Laws, *c*. 62, *ss*. 14, 15; yet both were not intended to be and are not taxed.

By the act of July 7, 1827, all the estate of any manufacturing corporation was required to be taxed to the corporation in the town where such estate was situated. The act of January 4, 1833, provided that "all stocks or securities in the public funds, turnpike shares, and all other stock in any corporation or company," should be taxed to the owners. Although this clause was broad enough to include shares in manufacturing corporations as subjects of taxation to the owners if such was the intention of the legislature, the court said that it could "not for a moment suppose that such intention existed, for a taxation of the shares at their appraised value would in fact be a double taxation of the property, once to the corporation and again to the corporators, which would be unjust, oppressive, and unconstitutional," and held that taxation of the stock was not authorized by the statute. *Smith* v. *Burley, supra,* 423, 427. Though a statute affects the remedy only, and is broad enough in terms to cover past transactions, it will not be held applicable to them unless the legislative intention that it should do so is already expressed. *Atherton* v. *McQuesten,* 46 N. H. 211.

The court is bound to presume that the legislature did not intend to violate the constitution. When a statute may constitutionally operate in certain cases, but cannot in others which it in terms embraces, it will be upheld, unless evidently intended to conflict with the constitution, and construed not to apply to the latter class of cases, which "are as fully and effectually excepted by necessary implication, as if the statute had contained an express proviso that it should not extend or apply to such cases." *Opinion of Justices,* 41 N. H. 555; *Kennett's Petition,* 24 N. H. 141.

After the tax year, 1883, the plaintiffs' property was taxable under the act of 1883; but the tax in question was not authorized by law.

*Tax abated.*

All concurred.