Merrimack, }
Dec., 1900. }

## RAND, *Adm'r*, v., PITTSFIELD.

The personal estate of an intestate, rightfully taxed in the state where it is situate, is not taxable in the town in this state in which the administrator resides.

PETITION, for the abatement of the taxes assessed upon the estate of Joseph B. Rand in Pittsfield in 1899. Rand was a resident of Vermont. The plaintiff is a resident of Pittsfield, and was appointed administrator of Rand's estate by the court of Vermont. The estate, consisting of notes and bank stock, was in Vermont when Joseph B. died, and has since remained there. It was taxed both in Vermont and in Pittsfield. The Vermont tax has been paid.

*Edward A. Lane* and *Sargent, Niles & Morrill*, for the plaintiff.

*Burnham, Brown & Warren*, for the defendants.

YOUNG, J. Rand's estate was rightfully taxed in Vermont (Vt. Stat., *s.* 374, *pt.* VI; P. S., *c.* 56, *ss.* 26, 27), and so was not taxable in Pittsfield unless property held in trust forms an exception to the rule which exempts property rightfully taxed in another state from taxation here. *Winkley* v. *Newton*, 67 N. H. 80; *Robinson* v. *Dover*, 59 N. H. 521; *Berry* v. *Windham*, 59 N. H. 288. We have no statute which in terms takes such property out of the operation of this rule; so if trust property forms an exception, the intent to tax it must be inferred from section 27, chapter 56, of the Public Statutes, which, so far as it relates to personal property, provides that the "estate of any legatee or ward, and all taxable property held in trust, shall be taxed to the . . . trustee . . . in the town in which such . . . trustee . . . resides if in this state." This language may be capable of the construction that all property held in trust shall be taxed to the trustee in the town in which he resides; but it is equally capable of the construction that all property taxable under the laws of this state when it is held by a person in his own right shall be taxed to the trustee when it is held in trust, and the evidence tends to prove that this was the sense in which the legislature used it. It is the office of chapter 55 of the Public Statutes to enumerate the persons and kinds of property liable to taxation, and of chapter 56 of the Public Statutes to designate the persons to whom and the place where they shall be

taxed. So the language of section 27, chapter 56, read in the light of these facts, would merely designate the person to whom and the place where taxable property shall be taxed when it is held in trust.

Since personal property rightfully taxed in another state is not taxable here when a person holds it in his individual capacity (*Winkley* v. *Newton*, 67 N. H. 80), it is not taxable when he holds it in a trust capacity, by force of section 27, chapter 56, of the Public Statutes, unless the legislature intended to impose more than their share of the common burden of taxation upon persons beneficially interested in trust estates. Such an intent cannot be found, for it is the policy of the law to compel all persons to bear their proportionate share, and no more, of this common burden; and in the absence of all evidence of a different intent, it will be assumed that the legislature intended for all statutes relating to taxation to be so construed as to effectuate, and not to defeat, the policy of the law.

*Tax abated.*

All concurred.