Feb. 24, 1949. } No. 3828.

OPINION OF THE JUSTICES.

The following resolution was adopted by the House of Representatives at the present session of the General Court on January 27, 1949:

"Resolved that the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions of law:

"1. May the Legislature constitutionally provide for the assessment of the stock in trade tax by the tax commission as a local property tax upon valuations proportional to the values of taxable property throughout the State and at the average rate of taxation throughout the State, as provided in House Bill No. 226, An act providing for the equalization of the stock in trade tax.

"2. In the valuation of stocks in trade, may the assessing authority consider the salability of stocks in process or at other stages?

"Further Resolved that the Speaker transmit a copy of this Resolution and of House Bill No. 226 to the Clerk of the Supreme Court for consideration by said Court."

The following answer was returned:

*To the House of Representatives:*

The undersigned the Justices of the Supreme Court make answer as follows to your resolution with reference to House Bill No. 226, entitled: "An Act Providing for the Equalization of the Stock In Trade Tax."

Your first question is as follows: "May the legislature constitutionally provide for the assessment of the stock in trade tax by the Tax Commission as a local property tax upon valuations proportional to the values of taxable property throughout the State and at the average rate of taxation throughout the State as provided in" the bill? In the preamble to the bill it is stated that "the tax as at present laid lacks uniformity in assessment in the same municipality and as between competing municipalities." This appears to state a good reason for the proposed bill. The provision that the Tax Commission shall make the assessment is in accordance with the provisions of Revised Laws, chapter 82, establishing the Tax Commission, which provides that the Commission shall have general supervision over all assessing officers in the performance of their duties to the end that all assessments of property be made in compliance with the laws of the state. "Towns are but subdivisions of the state . . . Any part or all of the local duties and obligations may be assumed by the state." *Opinion of the Justices,* 84 N. H. 559, 578. We have no doubt as to the constitutional propriety of the provisions referred to by the question. Under the proposed provisions the tax

will be analagous to the tax on dividends and interest which was sustained in *Conner* v. *State*, 82 N. H. 126.

Your second question is as follows: "In the valuation of stocks in trade, may the assessing authority consider the salability of stock in process or at other stages?" The salability of property is a factor properly to be considered in determining its value. Hence our answer to this question is that the assessing authority may give, and in fact is bound to give such consideration as it deems just to the salability of stocks in process or at other stages.

> OLIVER W. BRANCH.
> FRANCIS W. JOHNSTON.
> FRANK R. KENISON.
> LAURENCE I. DUNCAN.
> AMOS N. BLANDIN, JR.

February 24, 1949.