## MARTHA J. ADKINSON

### v.

## DAVID TANNER.

1. SPECIFIC PERFORMANCE—*parol contract for sale of land.* Where the weight of the evidence showed a verbal contract for the sale of forty acres of land some nine years before the filing of the bill, and the payment in full of the price in a horse, and the taking of possession by the purchaser, the making of improvements on the land, and the continuance of such possession for several years, when the vendor, finding the premises unoccupied, resumed possession and refused to convey, it was *held,* that the purchaser was entitled to a specific performance of the contract, the Statute of Frauds not being pleaded.

2. SAME—*evidence to defeat.* On bill for specific performance of a verbal contract for the sale of land, proof on the part of the vendor that he had verbally sold the land to the deceased husband of the complainant in his lifetime, was regarded as not material to the issue, the question being whether he had sold to the complainant. The equities of the heirs of the deceased party could be settled in another suit.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. ANDREW D. DUFF, Judge, presiding.

Messrs. DAVIS & HARRIS, for the plaintiff in error.

Mr. EDWARD V. PIERCE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in chancery, filed by the plaintiff against the defendant, to enforce the specific performance of a verbal contract to convey the north-west quarter of the north-east quarter of section 9, township 10 south, range 5 east.

The bill alleges that, in March, 1865, complainant bought the land of defendant and paid him the full amount of the purchase money; that she took possession, made improvements, and held the possession of the land for two years, when the defendant unlawfully took possession and refuses to convey.

The answer of defendant is a denial of the allegations of the bill. The Statute of Frauds is not pleaded or relied upon.

The only question to be determined in this court is, does the proof, as shown by the record, entitle complainant to a decree for specific performance?

The complainant testifies that she bought the land of the defendant about nine years ago, which would be in the year 1863, and that she gave him a horse worth $100, in full payment; that she took possession and rented the land for three years, when, the house being vacant, the defendant put a tenant in the house and has had possession since; that she had several conversations with the defendant about making her a title to the land, and he always appeared willing to do so until the last conversation, when he said it was all the land that had timber on it, and declined to make a deed.

She proves by J. Y. Vinson that he heard the defendant say, if complainant would give him the horse he would make her a title to the land; that she gave defendant the horse and he sold him for $100, which the horse was worth.

J. W. Adkinson testifies that he has heard defendant call the land complainant's; that defendant told him twice he would make her a deed; that witness rented the land two years for the complainant and received the rent; that defendant now has possession of the land; has had it about three years.

The defendant testifies that he never sold complainant a foot of land in his life; that, in 1862 or 1863, he sold this land to Wood Vinson for $250; that Vinson died in two or three years, leaving his widow, Martha J. (now Martha J. Adkinson) complainant. He admits that complainant let him have the horse; says he told her if she would give him the horse and redeem the land from under the mortgage, he would give the land to her son, a boy four or five years old.

William R. Tanner testifies that David Tanner sold the land to Wood Vinson for $250.

Stephen Tanner testifies that David Tanner sold land to Wood Vinson for $250; that Vinson told him he had not paid for the land, but intended to.

The complainant is substantially corroborated by two witnesses. That the defendant secured the horse which complainant and one witness swear was to pay for the land, there can be no doubt. He, himself, admits in his evidence that he secured the horse, and that he told complainant if she would pay off the mortgage on the land he would deed it to her son. The defendant swears he did not sell complainant the land, but he seems to stand alone on that point. The defendant swears, and also proves by two witnesses, that he sold the land to Wood Vinson, the former husband of complainant, but that is not the question at issue. It does not seem to be material, in this case, what contract he had with Wood Vinson, or how many. The point is, did he sell the land to complainant, and did she take possession, make improvements and pay for the land? If there are equities existing between the minor son of complainant and herself, and the defendant, growing out of defendant agreeing to convey to the son, or out of the contract between the defendant and Vinson, if there was any such contract, they can all be settled in a proper suit in favor of the son. In this case, we only have to deal with the complainant and defendant.

Taking the whole evidence together, we are of opinion that complainant was entitled to a decree requiring the defendant to convey the land to her.

The decree will be reversed and cause remanded.

*Decree reversed.*