The case turns upon the construction of the fifth section of an Act for completing the North Carolina Railroad, ratified the 14th day of February, 1855. It is in these words, "All the real estate held by the Company for right of way, for station places of whatever kind, and for workshop location, shall be exempt from taxation until the dividends of profits of said Company shall exceed six per centum per annum." The dividends of profits have not yet exceeded that sum, and therefore no real estate held by the Company for the purposes described in the above recited section of the Act is now taxable. It remains only to ascertain what real estate falls within the intent and meaning of the Act. It is clear that all the real estate which the Company may own is not exempt, but such only as may be held by the Company for the right of way, for station places and for
workshop location. Real estate held and used for other purposes is not exempted from taxation. The exemption is coupled with a condition and that condition equally attaches to each of the three purposes described in the Act. Land *Page 214 
held for the right of way is exempted for that use only; that held for station places must be applied to that purpose; and that held for workshop location can be applied to no other uses than for workshops; otherwise in each case the land so held becomes liable to taxation as other property. For example, take the right of way and ab uno, disce omnes. Suppose the Company should erect upon the right of way, hotels and stores, factories and private dwellings. This would be a plain violation of the contract between the State and the Company, for when the grant is for a particular purpose only, the conversion to another and different use is forbidden by a necessary implication and is followed by a forfeiture of the privilege granted. The purpose of the grant was to encourage and facilitate the construction of the road by exempting from the burden of taxation the instrumentalities necessary to build and operate it. Land was needed for right of way, for stations and for workshops. Hotels, stores and dwellings upon the right of way, at the stations and at the workshops would doubtless be convenient to the operation of the road and advantageous to the Company, its officers and agents and their families; and so would academies and churches. But no one can contend that such structures or any of them are necessary to the operation or were to the construction of the road. Such uses are not within the terms of the grant and we think not within its spirit. Eldrige v. Smith, 34 Vt. 484. The workshop location embraced a considerable area of ground; the amount is not stated. Workshops upon an extensive scale were contemplated and indeed erected. The road was to be a grand trunk line from which other roads were to radiate in every direction and the shops were to be commensurate with the magnitude of the enterprise. All the location might in the progress of things be needed for workshops, and when so needed and used, would be exempt from taxation. The term "workshops" in reference to a great road like this, embraces foundaries, *Page 215 
engine houses, depots, machine shops, necessary offices and all the usual appliances for the manufacture and repair of engines, cars and other stock required for the operation of the road. The ground covered by these buildings is exempt from taxation until the road pays the prescribed dividend. Subject to the right of taxation, the Company can make such disposition and use of the residue of the land as it deems best. Hotels stores, dwellings or a town may be built. The town of Salem is built upon land, the fee simple of which is or was in a society known as the UnitasFratrum, which leased the lots for a long time to such as would improve and occupy them. Upon this leasehold there is now a million's worth of buildings and a thrifty population of fifteen hundred people. If the claim of the Railroad Company is valid, that the whole ground purchased for the location of the shops is exempt from taxation, the larger portion of it not occupied or used for the workshops may in like manner be devoted to the building of a town, or to other commercial or manufacturing purposes convenient or useful to the Company, but wholly exempt from taxation.
Such is not the proper construction of the Act. The case states that lot No. 8, valued at $2,500, is a lot on which a store house was burned down and is now the one on which the depot is located.
A depot is a necessary part of the workshops, and this lot is exempt from taxation and must be struck out of the assessment. The other lots enumerated are the proper subjects of taxation. The judgment of the Superior Court is reversed except as to lot No. 8, and as to that the judgment is affirmed. The case is remanded to be proceeded with in accordance with this opinion.
PER CURIAM. Judgment accordingly. *Page 216