### E. BELO v. COMMISSIONERS OF FORSYTH COUNTY.

*Shares of Stock in N. C. R. R. Co. subject to Taxation.*

1. Shares in the capital stock of the North Carolina Railroad Company are not exempt from taxation by a legislative enactment that " all real estate held by said company for right of way, for station places of whatever kind, and for work-shop location shall be exempt from taxation until the dividends or profits of said company shall exceed six per centum per annum."

2. Shares of stock in an incorporated company may be taxed, as a distinct species of property, belonging to the holder, independently of the taxation imposed upon the value of the franchise and upon the real and personal estate of the corporation itself.

3. The legislature by the act of 1877, ch. 155, § 9 (6) intended to, and did provide for taxing the shares of stock in railroad corporations, owned by private parties.

(*R. R. Co.* v. *Com'rs*, 76 N. C., 212, and 77 N. C. 4; *R. R. Co.* v. *Brogden*, 74 N. C., 707; *R. R. Co.* v. *Com'rs*, 72 N. C., 10; *Bridge Co.* v. *Com'rs*, *Id.*, 15; *Buie* v. *Com'rs*, 79 N. C., 267, cited and approved.)

APPLICATION for an Injunction heard at Fall Term, 1879, of FORSYTH Superior Court, before *Gilmer, J.*

The plaintiff's application was granted and the defendant commissioners appealed,

*Mr. J. C. Buxton,* for plaintiff.
*Messrs. Watson & Glenn,* for defendants.

SMITH, C. J. The plaintiff is the owner of three hundred and forty-five shares of the capital stock of the North Carolina railroad company, which have been assessed and charged with an *ad valorem* tax in the manner prescribed by law, and the tax list has been made out and delivered to the defendant, Hill, the sheriff of Forsyth, for collection. This suit is instituted to restrain him and the county com-

missioners from levying and collecting the tax, on the ground of alleged exemption under the charter of the company, and for the further reason that all proper taxes upon the taxable property of the company are paid by the company.

It is conceded that the franchise and property of the company have been leased to the Richmond & Danville railroad company at an annual rent of two hundred and sixty thousand dollars, or six and a half per centum per annum upon the par value of the stock; that no dividends or distribution of profits has been made among the shareholders in excess of six per cent, and the half per cent has been appropriated to the payment of salaries and other necessary expenses of the lessor corporation, and the interest, and in reduction of the principal of its debt. Upon these admitted facts, a perpetual injunction was awarded and the defendants appeal.

The clause in the amended charter of the company which, it is claimed, protects the plaintiff from the demand of any tax upon his stock, is in these words: "That all real estate held by said company for right of way, for station places of whatever kind and for work-shop location shall be exempt from taxation until the dividends or profits of said company shall exceed six per centum per annum." Acts 1854–'55, ch 32, § 5.

This section has received an authoritative interpretation in the *R. & D. R. R. Co.* v. *Com'rs of Alamance,* 76 N. C., 212, and is thus explained by BYNUM, J.: "It is clear that the real estate which the company may own, is not exempt, but such only as may be held by the company for the right of way, for station houses and for work-shop location. Real estate held and used for other purposes is not exempt from taxation. The exemption is coupled with a condition, and that condition equally attaches to each of the three purposes described in the act. Land held for the right of way

is exempted for that use only ; that held for station places must be applied to that purpose; and that held for workshop location can be applied to no other uses than for workshops. Otherwise, in each case the land so held becomes liable to taxation as other property." *N. C. R. R. Co. v. Com'rs of Alamance,* 77 N. C., 4.

Upon a statement of the facts essentially the same as those now before us, it has been held that the immunity conferred remains unimpaired. *R. & D. R. R. Co. v. Brogden,* 74 N. C. 707.

It is also settled that the franchise of the company and its property outside the exemption are liable as distinct subjects of taxation. *R. & D. R. R. Co. v. Brogden, supra.. W., C. & A. R. R. Co. v. Com'rs of Brunswick,* 72 N. C.,. 10; *Bridge Co. v. Com'rs of New Hanover, Id.,* 15.

The only question then for us to consider is this: As all' the property of the company, real and personal, is either given in for taxation and the taxes thereon paid by the company, or is exempt under the act, can the shares in the hands of the stockholders be also assessed and charged as an independent subject of taxation? The question is scarcely open to debate, and we shall only refer to some among the many authorities sustaining the affirmative of.' the proposition.

In *Gordon v. The Appeal Tax Court,* 3 How. (U. S.) 133, Mr. Justice WAYNE thus expresses himself: "The franchise is their corporate property, which like any other property, would be taxable, if a price had not been paid for it.. The capital stock is another property, corporately associated; for the purpose of banking, but in its parts, is the individual property of the stockholders, in the proportion they may own them; and being their individual property, they may be taxed for it as they may for any other property they may own. * * * A franchise for banking is, in every state in the Union, recognized as property. The banking capi--

27

tal attached to the franchise is another property, owned in its parts by persons, corporate or natural, for which they are liable to be taxed, as they are for all other property, for the support of government."

In an able opinion of the author of that valuable work on railways, commenting on the law, he says: "We here find the clear recognition of this kind of corporate property, taxable to the corporation, and the shares in the hands of the corporators, distinctly defined as a *fourth species of corporate property, taxable only to the owners or holders.* 1. The capital stock; 2. The corporate property; 3. The franchise of the corporation, all of which is taxable to the corporation; and the shares in the capital stock which are taxable only to the shareholders." 1 Red. Am. R. Cases, 497.

A tax on the shares of stockholders in a corporation is a different thing from a tax on the corporation itself, or its stock, and may be laid irrespective of any taxation of the corporation where no contract relations forbid it. Cooley Const. Lim., 169. Field on Corp., 521.

A share of stock in a corporation is personal estate and is taxable to the owner thereof, as other personal estate, at the place of his residence. Burroughs Taxation, § 90.

Stock in a corporation is in the nature of a chose in action. It has no locality and of necessity follows the person of the owner. The tax upon it is in the nature of a tax upon income which of necessity is confined to the person of the owner. 1 Potter's Law Corp., § 192.

In Massachusetts it has been decided under a statute of that state that a citizen may be taxed for his stock in a turnpike company in another state. *Great Barrington* v. *Com'rs of Berkshire,* 16 Pick., 572.

In *Van Allen* v. *Assessors,* 3 Wall., 573, it is held that shares in a National bank may be taxed to the holder, although the whole capital is invested in securities of the

national government, which an act of congress declares to be exempt from taxation by state authority.

These references are sufficient to show that shares of stock in an incorporated company may be taxed as a distinct species of property, belonging to the holder, independently of the taxation imposed upon the value of the franchise and upon the real and personal estate of the corporation itself.

Has the legislature exercised its power to tax the plaintiff's stock upon its assessed value, and thus secured the uniformity prescribed in the constitution?

The taxes covered by the restraining order were levied in 1878 under the requirements of the act of March 7th, 1877, section 9 of which prescribes what the tax lists shall contain, and in paragraph 6, enumerates the following: "Stock, in national, state and private banks, and stocks in any incorporated company or joint stock association, railroad or canal company, and their estimated value;" and this valuation is charged in the act of raising revenue with the *ad valorem* tax levied, and uniform on property. The stock must be listed in the county and townships of the owner's residence, where he resides in the state, as was decided upon the construction of the statute in *Buie* v. *Com'rs of Fayetteville*, 79 N. C., 267.

There is nothing unreasonable in the subjection of this form of property to its share of the common burden of taxation, necessary in the support of government. Income is or may be taxed, unless in the special case forbidden in the constitution, from whatever source derived. Dividends are but net profits distributed among the shareholders, and if they must be taxed, why cannot the stock be taxed from which they proceed?

The subject may be considered in another aspect. The relation of the stockholders to the corporate body, for the purposes of the present enquiry, is very analogous to that

of a creditor towards his debtor.    The means and resources of the debtor, in connection with the skill, industry and integrity, impart value to his personal obligation, as property possessed by the creditor.    It is not pretended that the assessment and taxation of the estate of the former where he may reside, or his estate may be found, should relieve the security, which the latter holds, from liability for its share of the common burden.    The same principle, and with equal force, may be applied to the stockholder and the corporation.    The latter must bear the taxation imposed upon its property, and this may diminish its distributable profits, but the stockholder cannot, any more than the creditor, claim exemption on this account, for his stock, as distinct and separate property in his own hands.

It must therefore be declared that there is error in the record and the judgment must be reversed, and judgment entered here that the defendants go without day and recover their costs and it is so ordered.

Error.                                                    Reversed.