* Ruffin J., did not sit on the hearing of this case.
The plaintiff company applied to the defendant commissioners for a correction of the tax lists and moved to strike therefrom the property mentioned in the opinion of this court; the motion was refused and the plaintiff appealed to *Page 505 
the superior court, where the ruling was reversed and the defendants appealed to this court.
The errors assigned in the record of the defendants' appeal are in the rulings of His Honor, directing to be stricken from the list of taxables for 1879, as not subject to taxation, the following property of the company: 1. The lot at the company shops, No. 7 and known as the office lot, valued at $2,000. 2. The machinery in the workshops at the same location at the value of $10,467.
I. The office lot consists of about two acres, and in the office used by the president, secretary and treasurer of the North Carolina railroad company, and by the directors when they meet, are kept the records of this company. It is also used by the paymaster of the lessee, the Richmond and Danville railroad company, and for a post-office. On the premises are two log buildings occupied by private persons as a store and warehouse; the lot is included in the lease by the former to the latter company.
II. The machinery declared exempt consists of one stationary engine encased in masonry within the building, and a second engine working outside, but by gearing connected with the operations inside. It is cumbrous and heavy, some of it being fastened to the floor by screws or nails, and part kept in position by its own weight. This machinery is employed in the manufacture and repair of cars and engines and for other objects required in the running of the road, and is known as stationary machinery in contradistinction from the loose tools and implements used in operating it. Upon these facts found by the court, it is held that the lot and machinery become fixtures and are exempt, while the tools and implements used in operating, are not. *Page 506 
The amendment to the charter of the North Carolina railroad company made by the act of February 14th, 1855, provides that "all the real estate held by the company, for right of way, for station places of whatever kind, and for workshop location, shall be exempt from taxation until the dividends of profits of said company shall exceed six per centum per annum." It is manifest that the erection of workshops such as those put up on the lands of the company were in contemplation of the legislature when the act was passed, and a fair and reasonable construction of the language will take in the machinery and its accessories to be operated in the workshops. Of what use is the naked building or land without these fixtures and implements in accomplishing any benefit to the road, and why should the one and not the other, so intimately associated for a common purpose, be relieved from the burden? Accordingly the court say in construing this clause in the charter that "the term `workshops' in reference to a great road like this, embraces foundries, engine houses, depots, machine shops, necessary offices, all theusual appliances for the manufacture and repair of engines, and other stockrequired for the operation of the road." R. D. R. R. Co. v. Commissionersof Alamance, 76 N.C. 212.
We do not enter into the niceties and technical distinctions in reference to what are and are not fixtures, and pass with the land in controversies between landlord and tenant, vendor and vendee, and others, but looking to the broader purpose of the exemption in inviting the investment of capital in a great self-supporting enterprise for the improvement of the state, in connection with the large contribution of the state itself to ensure its completion, we cannot separate the building from the machinery and necessary adjuncts within in giving effect to the provision for exemption, and in our opinion all are protected alike. The cases cited in the brief are but in confirmation of this view. *Page 507 Makepeace ex parte, 9 Ired. 91; Bryan v. Lawrence, 5 Jones, 337; Latham v.Blakely, 70 N.C. 368; Bond v. Coke, 71 N.C. 97; Deal v. Palmer, 72 N.C. 582;Moore v. Vallentine, 77 N.C. 188.
The ruling of the court in so far as it exempts the stationary machinery in and at the workshops must be sustained and the exception thereto is inadmissible, but it is erroneous in not comprehending the implements necessary in their management and legally inseparable therefrom, for the purposes of taxation. We think the lot of land at the company shops known as the office lot, and used and occupied in the manner stated, not withstanding the other uses to which the log houses and a part of the office buildings are put, are within the exempting clause, for these are but incidental to the main and predominant objects for which the lot is occupied.
The remaining exceptions to the judgment against the defendants for costs and the order for a correction of the tax lists consequent upon the rulings of the court are also untenable.
There is no error and the judgment of the court is affirmed.
No error. Modified and affirmed.
In a case between same parties: