The errors assigned in the record of the defendants' appeal consists in the rulings of the court correcting the tax lists and exonerating the plaintiff corporation from liability for taxes upon certain property therein contained. The exceptions thereto we are required to review. The first and second exceptions which relate to the reduction of the valuation of the property in the revised lists for the successive years from 1869 to 1874 inclusive, *Page 508 
and the exemption of the stationery machinery at the work shops have already been considered and disposed of in deciding the plaintiffs' exceptions.
3 Ex. The court apportioned the valuation of the rolling stock among the counties which the railroad traverses and assigned to Alamance a share proportionate to the length of the road in that county: The defendants insist that this constantly moving property has its only situs for taxation in the county wherein its principal office or place of business is situated. Acts of 1868-'69, ch. 74, § 10. The statute defines the residence of a corporation, but provides if it "have separate places of business in more than one township it shall give in each the property and effects therein." But the same act which undertook to form a state board to assess the value of the franchise and of the rolling stock directs the valuation to be transmitted "to the county commissioners in which any part of said roads or canals, or navigation works shall be, and that the tax collected in each county and township shall be in proportion to the length of such road, canal or works lying in such county or township respectively." Ibid., § 13. The purpose of the act under which the present proceedings are had is to restore the tax to which Alamance would have been entitled in the execution of the then existing law, had it not contravened the constitution in substituting certain state officers in place of the township board of trustees to whom is committed the duty of assessing the taxable property of their townships." Const., Art. 7, § 6; W. C. A. R. R. Co. v. Commissioners of Brunswick, 72 N.C. 10. The exception must be overruled.
5 Ex. This exception has been considered in the plaintiff's appeal and the ruling of His Honor affirmed.
6 Ex. The defendants except to the striking from the lists made for the years from 1869 to 1876, inclusive, the money on hand and on deposit, as solvent credits surpassed *Page 509 
in amount by the indebtedness of the company and therefore non taxable. The proposition maintained in argument is undoubtedly correct, that a general deposit of money in a bank or banking institution subject to the check of the depositor constitutes the relation of creditor and debtor between the parties, and the deposit becomes a credit as truly as a loan of money for which any other form of security is taken. But this does not seem to be the sense in which the word is used in the statute and it must have the meaning there intended. The revenue act of 1869 (acts 1868-'69, ch. 74, § 12, par. 4) designates in the division of the subjects of taxation "money on hand or on deposit in any bank," while the next paragraph mentions "solvent credits owning by a party, whether owing by bond, note, bill of exchange, open account, or due and payable by any government," c., with certain exceptions, and allows these to be offset and reduced by the amount the tax-payer may himself owe to others. This discrimination runs through the various revenue laws to the enactment of January 17th, 1872, (acts 1871-'72, ch. 49, § 9, par. 4) where the variation consists in adding to the clause the words "including therein all funds invested within thirty days before in United States bonds, national bank stock or other non-taxpaying whatsoever, with the intent to evade the payment of state, county or other taxes." But the distinction is still steadily maintained between "money in hand or on deposit" and "solvent credits" subject to reduction. We are therefore constrained to construe the act as imposing the tax on money on deposit as on other property and to be paid without abatement. This exception to the ruling of the court must therefore be sustained.
8 Ex. The claim to the taxes levied in the acts passed for the issue of what are known as special tax bonds is properly abandoned in view of the recent constitutional amendment.
9 Ex. This exception is also disposed of in the other appeal as too indefinite and speculative to be entertained. *Page 510 
10 Ex. The plaintiffs claimed and were allowed a credit for three-fourths of the taxes paid between 1869 and 1874, the proportion of the stock owned by the state. The act of 1879 prescribing the assessment for these years proceeds upon the idea of an assessment of all the taxable property of the plaintiff as if no taxes had been levied and collected, and from the annual amounts thus ascertained an annual deduction of all taxes actually paid, whether illegal or not, and the several differences, when the sum paid falls short of the sums due, become the true balances to be paid by the company. When the lists are revised and reformed according to the rulings of the court, they will contain the estate and property subject to taxation, and the taxes levied there on will be abated under the directions of the act and no further. We are unabled to see upon what ground any further credits are to be admitted. The same result is reached by leaving out such property as was regularly and properly given in and taxed, and the taxes paid, and restricting the adjustment required by the law to other taxable property of the plaintiff. The court then erred in directing a further three-fourth deduction under the previous rulings by which only one-fourth of the taxable property of the company in value is entered upon the list. The exception must be sustained.
There is no error in the judgment for costs.
Error. Modified.
In same case: