The plaintiffs' appeal requires us to revise certain rulings of the court in relation to the subjects of taxation embraced in the act of March 8th, 1879, and the exceptions taken thereto, and these we proceed to examine:
1. The plaintiffs except to the refusal of the court to *Page 511 
strike from the tax list as made up, the personal property and money on hand for the assigned reason that they are included in the returns made by the officers of the company to the governor, treasurer and auditor, constituting the state board of assessment for certain purposes, as do the defendants object to the order reducing the assessed value thereof to one-fourth, the proportionate number of shares in the capital stock belonging to individual owners. These exceptions to the action of the court are so closely associated as to admit of, if not require, the consideration and disposition of both at one time.
The plaintiffs' objection rests upon an alleged presumption that all the property enumerated and valued in the returns is assessed and charged in the aggregate valuation of the board and should not be again taxed. The reduction to one-fourth, which represents the interest of stockholders other than the state, is in accordance with the directions in the successive revenue acts from 1869 to 1874 inclusive, which contain this provision: "In valuing the property of railroads and other corporations in which the state is a stockholder, the whole property shall be valued, but a part of the valuation shall be deducted proportionate to the interest of the state and the tax levied on the residue only. The tax so levied when paid by the corporation shall be charged by the corporation on the individual corporators only, and when any dividend shall be declared, the dividend to the state shall exceed that to the individual corporators by the amount of all taxes previously paid. Stocks or shares in incorporated companies shall not be taxed, when the property of the company is taxed." Acts 1868-'9, ch. 74, § 16, and subsequent revenue acts. As this was the method of procedure prescribed by the law in force during the period for which the assessments and levies directed by the act of 1879 are now to be made, the same rule was properly pursued under its positive directions. It is *Page 512 
suggested in the argument for the defendants that the exemption of three-fourths of the taxable property is within the inhibition of the constitution (Art. v., § 3,) which prescribes a uniform rule of taxation upon "all real and personal property according to its true value in money." We do not concur in this view, nor is the point presented in the exceptions in this record. This is but a mode of giving effect to section five, which exempts from taxation "property belonging to the state." The appellants' exception is not directed to the order reducing the total valuation of the property to one-fourth, but to the refusal to strike it all from the list, and to the finding (without evidence) the facts upon which the ruling is predicated. Those facts pertaining to the exception are these:
The state board included in the valuation of 1874, the franchise of the company and its rolling stock only in their estimate of $415,000, which sum was apportioned among the counties through which the railroad runs and according to its length in each. Alamance county contains 21 12/100 miles of the track and its share of the valuation was $37,297; the tax on this amount was levied in the county but its collection prevented by a perpetual injunction. In 1877, the share of the county in the valuation of the franchise by the state board was collected, but nothing on the rolling stock of the company. The court restricted the tax to the unpaid and untaxed rolling stock.
Upon these facts, not disputable upon the appeal, unless found without evidence, the ruling of the court is free from objection. Although the chief officers of the company for that and preceding years on the requirement of the board rendered an inventory and estimate of value of the entire corporate property, the act in express words limits the action of the board to an assessment "of the value of the franchise of every railroad, canal, turnpike, plankroad, navigation and banking company" whose president or chief *Page 513 
officer is required to return the same, and that "the rolling stock of any railroad company, and the vessels employed by any canal or navigation company on its canals or works shall be valued with the franchise." Acts 1873-'74, ch. 133, § 10. The presumption must prevail until removed by evidence to the contrary that the board pursued the directions of the law and valued only such property as it required them to put a value on. Not only do we not assent to the argument that there was no, or insufficient, proof to support the findings of fact, but upon the maxim, omnia rite acta, it be assumed in the absence of other evidence that the board discharged the official duties devolved on them by the law conformably to its provisions. It was forcibly argued against the inferences drawn from the demand of the board for a full statement of the corporate property that all was assessed, that the information was material, and may have been sought as an aid to a correct estimate of the value of the franchise as defined by the court in W., C. Aug. R. R. Co. v. Commissioners of Brunswick,72 N.C. 10, and Wilmington Railway Bridge Co. v. Commissioners ofNew Hanover, Ibid., 15. This information indicates the extent of the business operations of the company and is serviceable in a greater or less degree in conducting the board to a just estimate of the value of the corporate privileges. But whatever may have been the object in seeking the information, we are not at liberty to suppose that the plain mandates of the statute were disregarded in making the estimates and the more especially as they fall so much short of the estimates of the officers of the company.
We are not at liberty to look into the returns made to the state board, the only proofs transmitted, except to see whether they furnish any reasonable evidence to support the findings of fact by His Honor. But if we were, the returns show that the rolling stock alone exceeds the valuation of the board, and during the years when the real estate *Page 514 
was also given in, one-fourth of their aggregate value as returned is in excess of the valuation of the board. We can not seek information out of the returns and it is clear to us that they warrant the findings of fact by the court. The exception must be overruled.
2 Ex. The plaintiffs further except to the retention in the tax lists from 1869 to 1876 inclusive, of one-fourth part of the shares of its own stock held by the corporation, for that, while so held, it ceased to be property subject to taxation. We are unable to find any good reason for the distinction between the individual and corporate ownership of the stock. It is as truly property in the hands of the company as in the hands of an individual and of equal exchangeable value. It does not become extinct when the company acquires it, or it would cease to be assignable. It is part of the general property and equally liable to its part of the public burdens. But during the greater part of this interval and up to 1874, the stock held in a corporation was not liable to taxation under the law then in force, when the property of the corporation was taxed, (acts 1868-'69, ch. 74, § 12, par. 6) and this would seem to apply although part of corporate property is exempt. The exception must thus far be sustained, but the ruling is correct as to the years 1875-1876.
3 Ex. The appellants insist upon a credit for such amount of taxes collected in any one year as are in excess of two-thirds of one per cent. on the valuation. This exception is based upon no definite facts and is entirely contingent upon a further enquiry whether a portion of the tax was authorized by the general assembly, or was to pay debts contracted before the adoption of the constitution, and the amount of these was such. An opinion would therefore be speculative, and according to the practice will not be given. We can only say that there is no ground upon which we can be called on to uphold the exception.
4 Ex. The tools used in the workshops and necessary in *Page 515 
the operations therein conducted are exempt with the workshops under the charter. This exception is well taken for the reasons assigned in the opinion upon the defendants' appeal (and which it is needless to repeat) in the case involving the assessments for 1879.
The judgment of the court upon the exceptions presented and decided in both appeals will be certified to the superior court of Alamance to the end that the necessary corrections be made, and the taxes adjusted and collected under the provisions of the act of 1879.
Error. Modified.