DAVID WORTH v. COMMISSIONERS OF ASHE COUNTY.

*Taxation—Stock in Foreign Corporation.*

1. Shares of stock in a foreign corporation are personal property, and when the owner lives in this state, are taxable here.

2. The laws of this state are paramount here, and all of its citizens are subject to them without regard to the laws of any other state; *Hence*, a resident of this state who may have all his money invested in stock of corporations in another state and subject to tax there, is liable to tax under the laws here. The tax is regarded as a tax upon the owner on account of his ownership, rather than upon the shares of stock.

( *Worth v. Com'rs*, 82 N. C., 420 ; *Redmond v. Com'rs*, 87 N. C., 122, cited and approved).

CIVIL ACTION tried at Fall Term, 1883, of ASHE Superior Court, before *Graves, J.*

In this case the plaintiff, a resident of this state, asks that the defendant commissioners and their agents be restrained from collecting taxes upon his stock held in the bank of Abingdon, a corporation formed under an act of the legislature of the state of Virginia, and doing business in that state. The plaintiff alleges that the stock of the bank is taxed in Virginia for state and county purposes there, and that the same has been placed on the tax list here, and the sheriff threatens to collect the tax. The defendants demurred to the complaint, the court sustained the demurrer, and the plaintiff appealed.

*Messrs. Q. F. Neal* and *T. M. Argo*, for plaintiff.
*Attorney General*, for the state.
*Mr. J. W. Todd*, for the county.

SMITH, C. J. . The case presented by the demurrer to the plaintiff's complaint differs in no essential particular from that before us on the defendants' appeal between the same parties and upon the same subject matter, and decided at January term, 1880 (*Worth* v. *Commissioners of Ashe*, 82 N. C., 420). The conclusion then reached, after a careful and full examination of the authorities, and reflection, that the plaintiff's shares of stock in the Bank of Abingdon, a corporation formed under the laws of Virginia and there doing business, were liable to taxation under the laws of this state, the power to enact which was vested in the general assembly, must control the decision in the present case, for it is of the utmost importance that the law, when declared after deliberate and careful examination, should remain undisturbed, unless a palpable error is seen to have been committed, and it is likely to lead to disastrous results.

Since that decision, our attention has been called to the case of *Dyer* v. *Osborne*, 11 R. I., 321, which is so fully in accord with our ruling that we shall make a brief extract from the

opinion of the Chief-Justice therein delivered as the opinion of the court. The defendant there contested his liability to taxation in Rhode Island, where he resided, on stock which he held in certain corporations formed and operating under the laws of Massachusetts, and in that state, where all the stock was already taxed.

The court declared that in the light of the cases cited and reviewed, the state of Rhode Island has jurisdiction to tax the defendant's stock, " by having jurisdiction over the owner, the tax being in fact a tax upon the owner on account of ownership, rather than upon the shares themselves."

In reference to the tax imposed in Massachusetts the Chief-Justice proceeds : " The laws of Rhode Island are paramount in Rhode Island and all the inhabitants of the state are subject to them without regard to the laws of any other State. * * * It would certainly be going too far to hold that a man of wealth living in Rhode Island cannot be taxed at all, if his property is invested in the stocks of a manufacturing corporation of another state and there subject to taxation."

There is nothing repugnant to this in the ruling in *Redmond* v. *Commissioners*, 87 N. C., 122, where it is held that notes and other securities belonging to a non-resident, but in the hands of an agent here employed to manage them for his principal, and having an office here to perform the functions of his agency, are taxable. The *funds themselves* being here and in the hands of a trustee are declared to be subject to the taxing power, as would be personal property in a different form, belonging to a non-resident owner. The *situs* of the securities, thus detached from the owner, is that of the agent who has and manages them.

There is no error, and the judgment must be affirmed.

No error. Affirmed.