## NORTH CAROLINA RAILROAD COMPANY v. COMMISSIONERS OF ALAMANCE.

*Taxation—Non-resident holder of shares in domestic corporation, exempt.*

A non-resident holder of shares in a corporation in this state is not liable to tax here. Such property is beyond the jurisdiction of the state, and subject only to that in which the holder has his domicil. The ruling in this case has no application to banking corporations formed and operated under the act of congress.

(*Railroad* v. *Com'rs*, 87 N. C., 426; *Redmond* v. *Com'rs*, *Ib.*, 122; *Belo* v. *Com'rs*, 82 N. C., 415; *Worth* v. *Com'rs*, *Ib.*, 420 and 90 N. C., 409; *Kyle* v. *Com'rs*, 75 N. C., 445; *Buie* v. *Com'rs*, 79 N. C., 267, cited, commented on and approved.)

CIVIL ACTION tried at Spring Term, 1884, of ALAMANCE Superior Court, before *McKoy, J.*

This action was begun by petition of plaintiff company to defendant commissioners to strike from the tax-list of 1883 the assessment on shares of stock held by non-resident stockholders in plaintiff corporation. The petition was denied, and the plaintiff appealed, and upon the hearing the following facts, by consent, were found by the court below:

1. That plaintiff is a corporation, &c., and its capital stock is four million dollars, divided into shares of one hundred dollars each.

2. That the shares upon which the taxes complained of were assessed, are owned and held by non-residents of this state.

3. That plaintiff's property consists of both real and personal property, and is in this state.

4. That the office and place of business of plaintiff are at Company Shops in Alamance county, North Carolina, and

the shares of stock are transferrable only on its books at said office.

Thereupon His Honor ruled that the shares of stock owned by non-residents were not liable to taxation, and directed the tax-list to be corrected according to the prayer of the plaintiff's petition, and the defendants appealed.

*Messrs. Graham & Ruffin*, for plaintiff.
*Mr. E. S. Parker*, for defendants.

SMITH, C. J. Among the several paragraphs in section 8, chapter 117 of the acts of 1881, enumerating the several subjects of taxation, is the following:

6. Shares in national, state and private banks, railroad, telegraph, canal, bridge or other incorporated or joint stock association, with their true value, and the cashier of each bank or banking association (whether state or national) shall give in to the list-taker for the township in which such bank or banking association is situated, all shares of stock composing their corporation, *as agent for and in the name of the owners of said shares of stock, who may be non-residents of this state,* and the treasurer of each railroad or other incorporated company shall in like manner list the shares of non-resident holders.

In the concluding clause, amended by the act of 1883, ch. 363, § 8, to remove the obscurity pointed out in *Railroad v. Commissioners of Wake,* 87 N. C., 426, it is provided that "stockholders in valuing their shares may deduct their ratable proportion of the value of taxable property, the tax whereof is paid by the corporation.

Section 3 of the act is in these words: Every person required to list property shall make out and deliver to the township list taker a statement, verified by his oath, of all the real and personal property, moneys, credits, investments in bonds, stock, joint-stock companies, annuities or other-

wise, in his possession or under his control on the first day of June, either as owner or holder thereof, or as parent, husband, guardian, trustee, executor, administrator, receiver, accounting officer, partner, agent, factor or otherwise.

The power of taxation is conferred in section three, article five of the constitution, which directs that "laws shall be passed taxing by a uniform rule all moneys, credits, investments in stocks, joint-stock companies or otherwise, and also all real and personal property, according to its true value in money; and further authorizes a tax on " trades, professions, franchises and incomes," but not on incomes derived from property that is already taxed.

The constitution evidently contemplates the imposition of taxes upon moneys, credits and investments in corporate stocks, as well as upon other forms of property that are within the jurisdiction of the state and subject to its power.

"Credit" is a term attaching to the creditor and designates property possessed by him in contra-distinction to the correlative word " debt," which has reference to the debtor and a personal obligation resting upon him. The indebtedness is made liable to taxation, as following the person to whom it is due, at his domicil, while it cannot be reached at the domicil of the debtor if the person to whom it is owing be not a resident. This is the import of the constitutional provision and is recognized and enforced as a correct principle in *The State Tax on Foreign-held Bonds*, 15 Wall., 300, by the supreme court of the United States. In that case FIELD, J., delivering the opinion, says: " Corporations may be taxed like natural persons upon their property and business. But debts owing by corporations, like debts owing by individuals, are not property of the debtors in any sense. They are obligations of the debtors and only possess value in the hands of the creditors. With them they are property and in their hands may be taxed. To call debts property of the debtor is simply to misuse terms. All the property

there can be in the nature of things, the debts of corporations belongs to the creditors to whom they are payable, and follows their domicil wherever that may be. Their debts can have no locality separate from the parties to whom they are due. *    *    *    *    *    *    *    *    *

The bonds issued by the railroad company in this case are undoubtedly property, but property in the hands of the holders, not property of the obligors. So far as they are held by non-residents of the state, they are property beyond the jurisdiction of the state."

The court declared that the act directing the company to withhold 5 per cent. of the interest and pay it as a tax into the state treasury impaired the obligation of the contract and was repugnant to the constitution of the United States. Four of the judges dissented as to this last conclusion, and were of opinion that the case was one of state law only and involved no federal element.

In *Tappan* v. *Mer. Nat. Bank*, 19 Wall., 490, the Chief Justice declares that the power of taxation by any state is limited to persons, property or business within its jurisdiction.

The same proposition in regard to the *situs* of the debt, as determined by the creditor's domicil, for the purpose of taxation, is again affirmed in *Kirtland* v. *Hotchkiss*, 100 U. S. Rep., 491, reviewed upon a writ of error to the supreme court of Connecticut, where the case was decided in a similar way, 42 Conn., 436. See *Feresman* v. *Byrons*, 68 Ill., 247 ; Burroughs Taxation, § 41 and 42; Cooley Taxation, 15, 63, 134, 270.

Assuming this to be the law, and that the credit, in opposition to the debt, terms which denote the relations between the parties to whom and from whom the debt is owing, except in cases where the indebtedness consists in notes, bonds or other securities which are in the hands of an agent and are, therefore, like visible personal property, having a *situs* of its own for purposes of taxation, as held in

*Redmond* v. *Commissioners*, 87 N. C., 122, must be taxed where the owner has his domicil, we proceed to inquire whether the principle extends to shares of stock, as a distinct form of property, held by non-residents in corporations formed under our laws and doing business in the state.

There can be no question as to the liability of the corporate body to the full measure of taxation to which an individual resident is subject. All of its property, inclusive of its franchise, which (if owned by a citizen could be), may be made to bear its portion of the public burdens by an *ad valorem* assessment, unless protected by some contract of exemption entered into by the state. So a tax may be imposed, measured by the value of the stock which represents the corporate property, upon the corporation, and it be compelled to pay it. Thus, unrestrained by an *ad valorem* rule, it was decided that a tax on bank stock or stock in any moneyed corporation of loan and discount, of fifty cents on each share of one hundred dollars held therein, is a valid exercise of the taxing power possessed by the general assembly of Kentucky. *Nat. Bank* v. *Commonwealth*, 9 Wall., 353. The tax, though affecting alike the interest of the resident and non-resident stockholders, as does any exaction diminish the resources of the company, is a legitimate burden put upon it in common with other property owners of the state. "The tax is," as Mr. Justice MILLER observes, "a tax upon the shares of the stockholder," but it is nevertheless a tax upon the corporation, the amount of which is ascertained by the number of shares upon each of which is imposed a specific sum to be paid by it. The capital stock of a corporation is made up of shares, and there can be no difference in principle in requiring from it the payment of fifty cents on each share, or of one-half of one per cent. upon the aggregate number of shares, the same in result and varying only in phraseology. In either mode of assessment, the money comes from the corporation and reduces

its capacity to distribute in dividends. " In the case of shareholders not residing in the state," it is said, in the opinion in the case cited, " it is the only mode in which the state can reach their shares for taxation," the meaning of which is, that the taxing power, while it can take hold of the shares of the stockholders, residing within its reach as separate property, cannot subject those of non-residents, except through the imposition of a tax upon the property of the corporation before its distribution.

But supposing the taxing power to have been exerted to its full extent over the corporation and its property and resources, can a further exaction be demanded of the individual shareholder in respect to his interest in them, separate and apart from the corporate entity created by law, and itself capable of being made to bear its part of the common burden ?

Under a provision in the constitution of California, Art. XI. § 13, which requires, as does the constitution of this state, taxation to be equal and uniform, and that all property shall be taxed in proportion to its value, it has been held that where the property of the corporation was taxed, the stock could not be, for this would be double taxation, the latter but representing the former. *Burke* v. *Badham*, 57 Cal., 594, and this ruling is adopted and enforced in a recent case, *San Francisco* v. *Mackey*, in the United States circuit court of the district, and reported in 18 Reporter, 609.

The decision rests upon the proposition that the corporate property of every kind exposed to taxation is represented in the value of the stock, and whether the tax be levied upon the one or the other, it is but *ad valorem* tax, and to levy it upon both at the same time would be to duplicate it, and thus disregard the restraints of the constitution. This seems to be sound reasoning, and in consonance with the clause in ours which forbids any tax upon income derived from property already taxed.

But in our rulings we have so far discriminated between the property of a corporation, and the property in the shares, as to subject to taxation those held by a resident owner in a foreign corporation, notwithstanding the corporate property is taxed in the jurisdiction wherein the separate business is carried on; and this, because such resident has an interest or property annexed to his person and subject to the jurisdiction of the state wherein he resides. *Belo* v. *Commissioners*, 82 N. C., 415; *Worth* v. *Commissioners, Ib.* 420; *Worth* v. *Commissioners*, 90 N. C., 409.

Can we also place a burden upon the non-resident holder of shares in a domestic corporation, itself exposed to full taxation, when upon the principle of our own adjudications, he is liable in the state of his domicil to be taxed for the very same property? If the property be taxable here, can it consistently be taxed again elsewhere? If our ruling be sustained—that stock in a foreign corporation owned by one of our citizens can be taxed here, because it follows the person of the owner and has for this purpose its *situs* at the place of his abode—must it not also be true that the property of a non-resident stockholder in one of our own corporations is beyond our jurisdiction and subject to that only within which he has his domicil?

In *The Delaware Railroad Tax*, 18 Wall., 206, a tax was imposed by the state of Delaware upon a proportionate part of a railroad which ran also into the state of Maryland, of one-fourth part of one per cent. upon the value of the number of shares corresponding with the length of the line in the former state, and this sum was required to be paid into the treasury by the company. It was urged that under this statutory apportionment Delaware would get nearly one-fourth of the sum to be paid, while the value of the portion of the road in that state was below that proportion. The court declared that the tax was not "imposed upon the shares of the individual stockholders, nor upon the prop-

erty of the corporation, but is a tax upon the corporation itself, measured by a per centage upon the cash value of a certain proportionate part of the shares of its capital stock," adding: "The state may impose taxes upon the corporation as an entity existing under its laws, as well as upon the capital stock of the corporation, or its separate corporate property."

Recurring to the language employed in the constitution to convey and restrict in its exercise the power to tax, it will be seen that "moneys, credits, investments in bonds, stocks, joint stock companies or otherwise, are placed upon the same basis as 'real and personal property,'" when to be charged with public burdens. The creditor and investor in stocks, &c., are to be taxed, the one upon the debts due him, the other upon his investments, both according to their value; and this, without regard to the place where the debtor lives, or whether the investments are in the stocks of a home or foreign corporation. The words used in the section are applicable to a resident investor or stockholder upon whom the law can operate, but does not seem to contemplate one whose domicil is beyond the limits of the state and the reach of coercive legislation. Neither does any taxable property escape its share of the common burden, since all the resources of the corporate body under the constitution are within the legislative control, and the stockholder only gets his portion of what remains for distribution.

When a tax is upon shares and to be paid by the corporation, it is a tax upon the corporation, and may be exacted as such, when in conformity with the organic law, and while it imposes alike the value of all the shares by whomsoever held, the result is consequential and free from any just complaint. The value of the shares is looked to as a measure of the corporate tax, but no right of the non-resident stockholder is invaded. Ang. & Ames Corp., § 43;

*McKeen* v. *North Co.*, 49 Pa. St., 519; *Bank* v. *State*, 9 Yerger, (Tenn.) 490. This last is the only case we have found where the present inquiry is directly met and answered.

Under a statute assessing lands, &c., and "bank stock other than such as may be exempt from taxation as after provided for," it was declared that the tax was not intended to be upon the bank, but upon the owners of the stock held therein, non-residents as well as residents, and the court proceeded to say :

The power to tax non-resident stockholders is denied, and we think correctly. From its very nature it must be a tax *in personam* and not *in rem.*   *   *   *   Then bank stock is not a thing in itself capable of being taxed on account of its locality, and any tax imposed upon it must be in the nature of a tax upon income, and of necessity confined to the person of the owner. If he be a non-resident, he is beyond the jurisdiction of the state and not subject to her laws.

We therefore think that   *   *   *   the state has no power to raise a revenue from the stock of non-resident owners, but this may be done from the stock of resident owners. 2 Desty on Taxation, at page 62, section entitled "Shares of Stock of Foreign Corporations " and cases referred to in note.

The tax under review is not imposed upon the company in respect to its stock, upon the value of which as representing the residuary value of all the corporate property the state may put a tax in the absence of an exemption in the charter, but the act separates all resident shareholders, requiring them as owners to list for taxation all such stock as they may have in corporations within and without the state. At the same time it directs the cashier and treasurer of the different classes of corporate bodies to give in the stock of non-residents " *as agent for and in the name of the owners* " respectively and affixes a lien upon the shares, disabling

the owners to make any transfer until the tax is paid, and further authorizing the company *to pay out of dividends declared in their favor.* Acts 1881, ch. 117, §§ 26, 27.

The effect of the statute therefore is to assess a tax upon the foreign-holder's stock, as a distinct and separate form of property, listed by means of a forced agency, and the stock itself charged with the payment.

The state acquires jurisdiction for taxing purposes over the property itself or the person of the owner found within its limits. All visible property may be taxed wherever it is found. Credits (and stocks are very analagous) have no *situs,* as such, separate from the owner, and must be taxed where he has his domicil. There may be credits, in the form of bonds and other securities which have a taxable *situs* of their own, when in the hands of an agent or trustee as is decided in *Redmond* v. *Commissioners, supra.*

But it follows that whether the taxation be put upon the corporate property as such, or upon the entire stock, it must be *ad valorem,* and from the valuation must be deducted such as is entitled to exemption by virtue of a contract made with the state and protected by the constitution of the United States, since the shifting of the tax from one subject to the other cannot be allowed to impair such exemptions.

This opinion has of course no application to, nor is it intended to embrace banking corporations formed and operating under the act of congress, the shares whereof, held as well by non-resident as by resident owners, are by express words made subject to the taxing power of the state under certain limitations, those of non-residents being required to be taxed at the place where the banks are located and carrying on business, and the tax enforced through the corporarions, as is decided in *Kyle* v. *Mayor & Commissioners,* 75 N. C., 445; and in *Buie* v. *Commissioners,* 79 N. C., 267.

We are therefore constrained to declare that such a tax as that prescribed in the appeal is not within the contemplation of the clause in the constitution which confers the power and directs the manner of its exercise, and we therefore affirm the ruling of the court below. Let this be certified.

No error.                                                        Affirmed.