Laws 1893, ch. 296, sec. 39, provides that all corporations therein named, "in addition to the other property required by this act to be listed" shall pay a tax on its capital stock. As the mode of ascertaining the amount which shall be taxed as capital stock, sub-sections 3, 4 and 5, provide that the market value, or if no market value, the actual value of the aggregate shares of the company shall be taken as a basis, and from that sum the amount of the assessed value of its real and personal property, listed for taxation, shall be deducted and the difference, if any, shall be taxed as capital stock. It is stated in the "case agreed" that the actual value of the aggregate shares of stock of the defendant corporation is $809,334, and that the assessed value of its real and personal property is $509,334. Upon the plain, explicit (445) provision of the statute the defendant is liable to tax upon the difference ($300,000) as the taxable part of its capital stock. It is true the case agreed sets out that the defendant has $300,000 of personal and real property which is not listed for taxation in this State because located in Pennsylvania. But that has nothing to do with the taxation of the capital stock, the whole of which without any deduction the Legislature might in its discretion have taxed here in addition to the tax upon the real and personal property. It is a legislative concession to deduct from the capital stock the amount of real and personal *Page 241 
property which pays tax. It also appears that the total capital stock is $4,000,000. If, as the defendant contends, tax is to be paid on only $500,000, this would be to pay tax on barely one-eighth of the sum at which the property is capitalized. It would seem from the case that this capital stock is by agreement of counsel valued at $809,334, which is about one-fifth of the nominal capital, and is the exact value of the real and personal property, because the stock "has no market value." If so, it is a misconception of the statute applicable to the valuation of the capital stock under this act, and is important enough not to pass unnoticed. Shares may have no market value because too valuable to put on the market, or because the owners do not wish to part with it, or for many other reasons. While the value of the capital stock cannot be less than the value of the aggregate of the real and personal property held by the corporation unless the latter is in debt, the good will of the business or trademark and the rate of dividend will ordinarily make the capital stock more valuable than the mere aggregate of the real and personal property owned by the company. In any corporation reasonably prosperous, the capital stock is worth much more than the bare real and personal property which is the value of the dead body, so to speak, of the corporation, should it cease to live and move. As (446) to corporations, by all authorities, it is in the power of the Legislature to lay the following taxes, two or more of them in its discretion, at the same time: 1. To tax the franchise (including in this the power to tax also the corporate dividends). 2. The capital stock. 3. The real and personal property of the corporation. This tax is imperative and not discretionary under the ad valorem feature of the Constitution. 4. The shares of stock in the hands of the stockholder. This is also imperative and not discretionary.
The power to levy these distinct taxes simultaneously is laid down in 1 Cook on Stock and Stockholders, sec. 561, and cases there cited; 2 Redfield Railways (3 Ed.), p. 453, cited and approved by this Court (Smith, C. J.)
in Belo v. Comrs., 82 N.C. 415; Worth v. R. R. (Ashe, J.), 89 N.C. 301,305; 1 Desty Tax, 348; 2 Thomp. Corp., 2810; Jones v. Davis,35 Ohio St. 474, 476; People v. Coleman, 126 N.Y. 433,437; S. v. Petway, 55 N.C. 396, 406. "Especially is it important to distinguish a tax on shares of stock from tax on the capital stock," says 1 Cook, supra, section 563, citing Porter v. Rockford,95 Ill. 561, and numerous cases in note 2 to that section. In Belov. Comrs., supra, on page 418, the same distinction is clearly laid down and additional authorities given by Smith, C. J.
Originally the tax upon the shares of stock was collected of the individual shareholders at their several places of residence. Buie v.Comrs., 79 N.C. 267. But under that method many shares failed to be listed *Page 242 
for taxation. Besides the shares of nonresident owners, except those of national banks, escaped taxation in this State under the ruling in R. R. v. Comrs., 91 N.C. 454. To remedy this, the provision (447) was passed, which is section 14 of chapter 296, Laws 1893, and which requires the list of shares to be given in by the proper officer of the corporation which shall pay the same in behalf of the shareholders. This does not affect the liability of the shares to tax as the property of the shareholders, but is simply for the convenience of the State in collecting the tax. The effect is merely to change the situs of the shares for taxation from the residence of the owner to the locality where the chief office of the corporation is situated, as was held in Wiley v.Comrs., 111 N.C. 397. It simply extends to the collection of taxes due by shareholders in other corporations the mode of collection already in force as to shareholders in national banks. U.S. Rev. St., sec. 5219.
From this summary it will be seen that the State is within its taxing power in the provisions of chapter 296 of the Acts of 1893. It levies: 1. A tax upon the real and personal property of corporations. 2. Upon the shares which are the personal property of the shareholders, but requires them to be listed and collected through the agency of the corporation. 3. It levies no tax upon franchises and dividends. 4. It does not tax the entire capital stock, but only the excess of its total value above the value of the real and personal property which the corporation lists for taxation.
The capital stock belongs to the corporation. The shares or certificates of stock are entirely a different matter. They belong to the shareholders individually, and under the Constitution must be taxed ad valorem like other "property belonging to the holder, independently of the taxation upon the corporation, its franchises, etc." Smith, C. J., in Belo v.Comrs., 82 N.C. on page 419, citing Cooley Const. Lim., 169, and Field on Corporations, 521, etc. He further says that the relation of (448) stockholders to the corporation "is very analogous to that of a creditor towards his debtor. The latter must bear the taxation imposed upon its property, and this may diminish its distributable profits, but the stockholder cannot, any more than the creditor, claim exemption on this account for his stock as distinct and separate property in his own hands." Worth v. Comrs., 82 N.C. 420.
To tax only the real and personal property of the corporation would leave, as we have said, untaxed that large part of its capital stock which represents its good will, its trademark, the profitableness of its business, all of which are property, as much protected by the law and as capable of being turned into money as the real and personal property which the corporation owns. To tax the whole of the capital stock, in addition to the tax upon the real and personal property, would be, to the extent of *Page 243 
the tax on the latter, double taxation, of the same kind as the tax on mortgaged property and a tax at the same time on the mortgagor's notes in the hands of the mortgagee, but there is nothing in either case to restrict the legislative power to so decree. Here, however, there is no double tax, but simply a tax on so much of the real and personal property of the corporation as is located in this State and a tax on the value of its capital stock in excess of the amount of realty and personalty which is listed for taxation here. The tax on the shares is a separate matter, and is a tax on the shareholders on their property, whether they reside in or out of the State, collected through the medium of a quasi statutory garnishment on the corporation. "It has long been the common, if not the only mode in many states, and indeed is the only mode to collect taxes on the shares of nonresident shareholders." Bank v. Commonwealth, 9 Wall., 353, 361, approved in Delaware R. R. Tax, 18 Wall., 206, 230; 2 Thomp. Corp., 2849.
We conclude therefore that the defendant upon the case agreed (449) is liable to tax on the $300,000, which is the agreed value of its total capital stock in excess of the real and personal property which is listed for taxation; and this, irrespective of the fact that the defendant lists for them the shares of the individual shareholders under the provisions of section 14 of said chapter 296, Laws 1893.
Reversed.
Cited: Comrs. v. Steamship Co., 128 N.C. 559; Lacy v. Packing Co.,134 N.C. 571; S. v. Wheeler, 141 N.C. 775; Land Co. v. Smith, 151 N.C. 72;Pullen v. Corp. Com., 152 N.C. 554; Brown v. Jackson, 179 N.C. 368.