### WINNIPISEOGEE PAPER CO. *v.* NORTHFIELD.

Logs which are brought to a town and left till the owners shall have occasion to use them, when they intend to take them to their mill in another town and make them into pulp, are not on their way to market or temporarily delayed on their way to market, within the meaning of P. S., *c.* 56, *s.* 18, so as not to be taxable in the first town, if they are there on the first day of April.

PETITION, for abatement of taxes.   Facts agreed.

*Edwin B. S. Sanborn*, for the plaintiffs.

*E. A. & C. B. Hibbard*, for the defendants.

CARPENTER, J.   The plaintiffs are a corporation established under the laws of the state, having their principal place of business in Franklin where their pulp-mills are situated, and where their president and manager reside.   They own and operate four pulp-mills.   They procure pulp-wood, consisting of spruce logs, in Woodstock and other towns, and transport it by rail to Northfield, where they unload it on the bank of the Winnipiseogee river.   It remains there until they have occasion to use it in their mills, when they roll it into the river and float it down to Franklin, where they manufacture it into pulp which they use in making paper, or sell to others for that purpose.   April 1, 1892, they had on their landing in Northfield a large lot of pulp-wood, which in course of the spring, summer, and fall they intended to put into the river and float to Franklin, as the necessity or convenience of their business might require.   Upon this wood the selectmen of Northfield assessed the tax which the plaintiffs pray may be abated.

" Wood, bark, timber, logs, and lumber, manufactured or unmanufactured, exceeding fifty dollars in value, shall be taxed at its full value in the town where it is on the first day of April." Pub. Sts., *c.* 56, *s.* 16.

" When such property is in any town other than that in which it was cut, on the first day of April, on its way to market, or temporarily delayed therein on its way to market, if the owner residing in the state furnishes to one of the selectmen or assessors of such town, on or before the fourth day of said April, a statement under oath, signed by himself and by one of the selectmen or assessors of the town where the owner resides, specifying the amount of property, and that the same has been given in by the owner for taxation in that month in the town where the owner resides, it shall be there taxed."   Pub. Sts., *c.* 56, *s.* 18.   The plaintiffs seasonably furnished to the selectmen of Northfield the statement required by this section, and the wood was taxed to them in Franklin.

The general provision is, that logs shall be taxed in the town where they are on the first day of April.   When they are on the way to market or are temporarily delayed in the transit, and the owner resides in this state, he may take a course that will except them from the operation of the general rule, and make them taxable where he resides.   While the plaintiffs' logs remained in their lumber-yard or landing in Northfield awaiting transport to their pulp-mills in Franklin, to be there subjected by their owners to a

manufacturing process and converted into a different article of commerce, they were neither on the way to market, nor temporarily delayed on the way to market, within the meaning of the statute.

*Judgment for the defendants.*

BLODGETT, J., did not sit: the others concurred.