Hillsborough, ⎱
  June, 1898. ⎰

## RUSSELL *v.* MASON.

Where owners of lumber commit the custody thereof to one of their num-
ber, who may chance to be a tradesman in lumber, to be sold by him for
their joint benefit, the common property is taxable at its full value, under
P. S., *c.* 56, *s.* 16, and not as stock in trade.

PETITION, for abatement of taxes for 1896, filed February 1,
1897,— the taxes having been paid by the plaintiff under pro-
test. Trial by the court. The plaintiff is a farmer, and has been
a wood and lumber dealer in Mason for several years. On the
first day of April, 1896, he had $1,800 worth of lumber on hand
in Mason, for which the selectmen taxed him at its full value.
The plaintiff contends that the tax should have been assessed
upon the average value of his lumber during the year, which he
returned as $586.

It appeared from the evidence that the plaintiff had been in
the lumber business for more than twenty years, carrying it on
with his farming. He has sometimes bought timber and lumber
standing, and sometimes bought the land with the lumber and
wood on it. His sales have averaged upwards of $2,000 a year
for the last ten years. The lumber is generally cut and manu-
factured in the winter, and the sales are made in the summer.
The lumber in question was cut on land in Mason owned by the
plaintiff, his brother, and another party, and belonged to them
on April 1, 1896, although it was in the plaintiff's custody. The
most of it was cut and sawed into boards and planks on the lot
during the two preceding months.

The court found that the plaintiff was a dealer in lumber,
wood, and timber and might be regarded as a tradesman in the
same, and that the tax should be abated; and the defendants
excepted.

*David Cross*, for the plaintiff.

*George B. French*, for the defendants.

BLODGETT, J. Whether, upon the facts appearing in the case,
the plaintiff may properly be regarded as a tradesman in lumber
within the statutory sense of the term as used in the Public
Statutes, *c.* 55, *s.* 7, *par.* VI, it is not necessary to determine;
for however this may be, as to the particular lumber in question
he cannot be so regarded. A single, independent transaction
in lumber like the one here disclosed does not make the parties

engaged in it tradesmen in the statutory or any other just sense; and if they commit the custody of the common property to one of their number, who may chance to be such a tradesman, merely for the purpose of being marketed by him for their joint benefit, it will stand no differently in respect of valuation for taxation than it would if it had been committed to the other owners, or either of them, for the like purpose. In each case alike, the statute, as well as manifest justice, requires its taxation, not as stock in trade but at "its full value." P. S., *c.* 56, *s.* 16; *Ib.*, *c.* 58, *s.* 1. Exception sustained.

*Petition dismissed.*

CLARK, C. J., did not sit: the others concurred.