Cheshire,
Oct. 5, 1909.

### INTERNATIONAL PAPER CO *v.* WALPOLE.

Logs stored in this state, but owned by a foreign corporation and constituting the raw material of its manufacturing business, are taxable as stock in trade, under clause 6, section 7, chapter 55, Public Statutes.

PETITION, for the abatement of taxes assessed upon logs and lumber in the defendant town on April 1, 1907. Trial at the October term, 1908, of the superior court before *Chamberlin, J.,* who ordered a partial abatement of the tax. To this order the defendants excepted.

*Scott Sloane* and *Smith & Smith,* for the plaintiffs.

*John E. Allen,* for the defendants.

PARSONS, C. J. The plaintiffs, engaged in the manufacture of wood-pulp and paper in Vermont, own land in Walpole which they use as a yard for storing logs, lumber, coal, and wood used in their manufacturing business. April 1, they were taxed for the

value of the logs then on hand in the yard, under section 16, chapter 56, Public Statutes. The logs were raw material of their manufactured product; and they claim they should be taxed only for the average value of logs stored by them in the yard during the year, as stock in trade, under clause 6, section 7, chapter 55, Public Statutes, which, under the head " personal estate liable to be taxed," includes " stock in trade, whether of merchants, shop-keepers, mechanics, or tradesmen, employed in their trade or business, reckoning the same at the average value thereof for the year," and provides that " for purposes of taxation, raw materials and manufactures of any manufactory, wood, timber, logs, and lumber, manufactured or otherwise, if exceeding fifty dollars in value, . . . shall be deemed stock in trade." Upon the facts, the superior court ruled that the logs were taxable as stock in trade and granted an abatement. The only question argued is whether the logs were taxable as stock in trade, or under the following provision : " Wood, bark, timber, logs, and lumber, manufactured or unmanufactured, exceeding fifty dollars in value, shall be taxed at its full value in the town where it is on the first day of April." P. S., *c.* 56, *s.* 16.

It has been often remarked that " many clauses of the statutes, which, taken separately and literally, would make some property taxable twice or thrice, are not to be taken separately and literally, but are to be understood as subjecting the property they describe to single taxation only, and as designed, by their varied and comprehensive descriptions, to prevent property escaping single taxation." *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473, 476 ; *Winkley* v. *Newton,* 67 N. H. 80; *Berry* v. *Windham,* 59 N. H. 288 ; *Robinson* v. *Dover,* 59 N. H. 521. Neither would it be reasonable to conclude that, by comprehensive descriptions designed to include all property of a class, it was intended to leave to the election of the taxing officers, or of the owner, into which class property of a certain description should fall for taxation. Although a literal construction of clause 6, section 7, chapter 55, Public Statutes, might include all logs as stock in trade, and a like interpretation of section 16, chapter 56, might require the appraisal of all logs on hand April 1 at their full value, the constitutional rule of equality renders it certain that it was not intended the same property should be taxed under both sections; and the general principle of a reasonable purpose, properly taken into consideration in the interpretation of written language, renders equally certain the absence of an intent to leave such property to be taxed one way or the other, according to the interest of the owner or the whim of the assessors. A reasonable construction of both sections

taken together is that all logs or lumber not properly stock in trade are to be taxed under the second method. Accordingly it was held in *Russell* v. *Mason*, 69 N. H. 359, that lumber owned by persons not tradesmen within the statutory sense, as used in clause 6, section 7, chapter 55, Public Statutes, could not be taxed as stock in trade, but should be taxed at its value April 1, under section 16, chapter 56. Applying the principle of this case to the facts, the logs in question were properly held to be taxable as stock in trade, because they were the raw material of the subject of the plaintiffs' manufacturing.

The suggestion that the plaintiffs do not manufacture within this state, as a reason why they are not taxable for stock in trade, has not been insisted upon. *Winkley* v. *Newton*, 67 N. H. 80, 84, 85 ; P. S., *c.* 56, *s.* 10. The controversy in *Winnipiseogee Paper Co.* v. *Northfield*, 67 N. H. 365, relied upon by the defendants, was whether the logs taxed in Northfield under section 16, chapter 56, Public Statutes, should not have been taxed in Franklin under section 18 of the same chapter. Whether a tax might have been assessed upon them as stock in trade was a question not raised or considered, and obviously could not have been raised by the plaintiffs without abandoning their contention that the property was taxable in Franklin. P. S., *c.* 56, *s.* 10. The plaintiffs' exception to the order sustaining a demurrer to a part of their petition has not been argued and is understood to be waived.

*Defendants' exception overruled.*

All concurred.